[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner, William E. Rowe, Jr., has filed a petition for a writ of habeas corpus to compel respondent, Chillicothe Correctional Institution Warden Timothy Brunsman, to release him from prison. Petitioner argues that the Lawrence County Court of Common Pleas has breached a plea agreement in which he agreed to plead guilty to several charges in exchange for the opportunity for judicial release after serving twenty-four months of his four-year sentence. Respondent has filed a motion to dismiss arguing that petitioner has not stated a claim upon which relief can be granted. For the reasons that follow, we deny the writ and dismiss the petition.
 {¶ 2} In December 2003, petitioner pleaded guilty to one count each of aggravated burglary, felonious assault, violation of a protection order or consent agreement, and criminal damaging or endangering. The Lawrence County Court of Common Pleas sentenced appellant to serve a total of four years in prison. The court specified that petitioner was to serve his sentence concurrent with any sentence imposed for an unrelated charge in West Virginia and that all sentences should be served in West Virginia. However, if petitioner was not ordered to serve time in West Virginia or was released prior to August 2, 2005, he was to be returned to Ohio to serve the remainder of his sentence.[1]
 {¶ 3} Since being incarcerated, petitioner has filed three motions for judicial release, all of which the Lawrence County Court of Common Pleas denied.[2] Petitioner also has filed an earlier petition for a writ of habeas corpus with this court, as well as a complaint seeking a writ of mandamus. We dismissed petitioner's petition for a writ of habeas corpus because he did not file an affidavit verifying the petition, as required by R.C.2725.04. See Rowe v. Erwin (Aug. 30, 2004), Lawrence App. No. 04CA25. Similarly, we dismissed petitioner's complaint for a writ of mandamus because he did not include an affidavit describing previous civil actions and appeals of civil actions against government entities filed within the preceding five years. SeeState ex rel. Rowe v. McCown (July 25, 2005), Lawrence App. No. 05CA24. The Supreme Court of Ohio affirmed our decision on appeal. See State ex rel. Rowe v. McCown, 108 Ohio St.3d 183,2006-Ohio-548.
 {¶ 4} Habeas corpus is the proper remedy when seeking release from prison. State ex rel. Nelson v. Griffin,103 Ohio St.3d 167, 2004-Ohio-4754, at ¶ 5. As an extraordinary writ, however, habeas corpus is available only "where there is an unlawful restraint of a person's liberty and no adequate remedy at law."Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 8. Moreover, "[h]abeas corpus is generally appropriate in the criminal context only if the prisoner is entitled to immediate release." Ridenour v. Randle, 96 Ohio St.3d 90, 2002-Ohio-360, at ¶ 7. For example, a writ of habeas corpus will generally lie to compel a defendant's release from prison when he will be able to prove that the trial court in the underlying criminal case lacked the jurisdiction to enter the conviction. Habeas corpus also will be available if a defendant's maximum sentence has expired and he is being held unlawfully. Heddleston v. Mack,
Ohio St.3d 213, 214, 1998-Ohio-320.
 {¶ 5} Here, petitioner does not argue that the Lawrence County Court of Common Pleas lacked jurisdiction to convict him or that his maximum sentence has expired. Rather, he contends that by refusing to grant him judicial release the court has breached the plea agreement, therefore entitling him to immediate release from prison. Respondent maintains that because petitioner has other adequate legal remedies, and because petitioner's maximum sentence has not expired, his petition does not state a claim upon which relief can be granted.
 {¶ 6} Presuming the truth of the factual allegations in the petition and making all reasonable inferences in petitioner's favor, we conclude that he cannot prove any set of facts entitling him to the extraordinary writ of habeas corpus. As the Supreme Court of Ohio noted in its decision affirming our denial of petitioner's request for a writ of mandamus, petitioner "has or had `as adequate legal remedy to rectify any alleged breach of plea agreement by filing a motion with the sentencing court to either withdraw his previous guilty plea pursuant to Crim.R. 32.1 or specifically enforce the agreement.'" State ex rel. Rowe at ¶ 5, quoting State ex rel. Seikbert v. Wilkinson,69 Ohio St.3d 489, 491, 1994-Ohio-39. See, also, State ex rel. Duran v.Kelsy, 106 Ohio St.3d 58, 2005-Ohio-3674, at ¶ 5.
 {¶ 7} We note that petitioner maintains that he does not want to withdraw his guilty plea because he is satisfied with the agreement itself. Petitioner, however, does not address the option of filing a motion to enforce the agreement. More importantly, the availability of an adequate remedy at law is not governed by a defendant's willingness or unwillingness to pursue a particular course of action. Instead, when deciding whether to issue an extraordinary writ, we are only required to determine whether an adequate remedy at law exits. If so, the writ must be denied.
 {¶ 8} Accordingly, respondent's motion to dismiss isGRANTED. The writ of habeas corpus is DENIED and the petition is DISMISSED WITH PREJUDICE. ANY PENDING MOTIONS ARE DENIED ASMOOT. COSTS TO PETITIONER.
Harsha, P.J., Abele, J.: Concur.
[1] Although petitioner was ordered to serve an indefinite sentence of one to three years in West Virginia, he remained incarcerated in Ohio. Petitioner finished serving his West Virginia sentence in November 2004.
[2] Two of those motions were filed before August 2, 2005. Petitioner filed the third on August 29, 2005.