OPINION
{¶ 1} This is an original action for a writ of habeas corpus. Petitioner, Sidney Allen Jordan, claims that he is entitled to release from confinement due to his unconstitutional detention.[1] Although difficult to decipher, we construe petitioner's claim as a challenge to his June 2006 classification as a sexual predator pursuant to R.C. 2950, et seq., as a violation of an ex post facto prohibition.
 {¶ 2} Respondent, State of Ohio, has filed a motion to dismiss petitioner's habeas corpus action, arguing in part that petitioner is not entitled to habeas corpus relief because he does not challenge the jurisdiction of the sentencing court and further, that he has an alternative, adequate legal remedy. We agree that he does not challenge the jurisdiction of the sentencing court. However, "habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, e.g., appeal or postconviction relief." State exrel. Jackson v. McFaul (1995), 73 Ohio St.3d 185, 186. Here, petitioner had an alternative remedy of seeking a direct appeal from the sexual predator classification. Whether the direct appeal opportunity still exists, habeas corpus will not apply as long as the petitioner could have taken advantage of it previously; or could still pursue it. SeeLuna v. Russel (1994), 70 Ohio St.3d 561, 561. Thus, we agree with respondent that he is not entitled to habeas corpus relief.
 {¶ 3} Moreover, "'[hjabeas corpus in Ohio is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison or some type of physical confinement.'" Smith v.Leis, 106 Ohio St. 3d 309, 2005 Ohio 5125, ¶ 13, 835 N.E.2d 5, quotingState ex rel. Smirnoff v. Greene (1998), 84 Ohio St.3d 165, 167,1998 Ohio 526, 702 N.E.2d 423. "If a habeas corpus petitioner seeking release is subsequently released, the petitioner's habeas corpus claim is normally rendered moot." Larsen v. State (2001), 92 Ohio St.3d 69,69-70, 2001 Ohio 133, 748 N.E.2d 72, citing Pewitt v. LorainCorrectional Inst. (1992), 64 Ohio St.3d 470, 472, 1992 Ohio 91, 597N.E.2d92.
 {¶ 4} Respondent attached to its motion to dismiss a copy of the Ohio Department of Rehabilitation and Correction's Offender Detail Information. This document states that petitioner was released from prison on February 21, 2006, prior to the filing of the instant action. In his response, petitioner did not contest this fact. Typically, this court cannot consider evidentiary material attached to a motion to dismiss. However, when the evidence is related to mootness, we may consider it. Cunningham v. Lucci, 11th Dist. No. 2006-L-052,2006-Ohio-4666, ¶ 10, fn. 2. Since petitioner has been released from prison, his habeas corpus action is moot.
 {¶ 5} Once a habeas corpus claim has been rendered moot, a court can only consider its merits if the issues raised in the claim will always evade judicial review in all subsequent cases. Spenser v. Kemna (1998),523 U.S. 1, 17; Larson, supra, at 70. Since petitioner could technically still file a delayed direct appeal of his sexual predator classification, this is not such a claim.
 {¶ 6} Therefore, petitioner's habeas corpus action is dismissed.
DONALD R. FORD, P.J., DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.
[1] This is petitioner's second action for a writ of habeas corpus. His first was dismissed by this court on October 22, 2004. We concluded that his petition was fatally defective because petitioner did not comply with the R.C. 2725.04(D) requirement to attach commitment papers to the petition and he had failed to file the petition in the appropriate county. See Jordan v. State of Ohio, 11th Dist. No. 2004-T-0041, 2004-Ohio-5634.