PER CURIAM OPINION
{¶ 1} This habeas corpus action is presently before this court for consideration of the motion to dismiss of respondent, Warden Richard Gansheimer of the Lake Erie Correctional Institution. As the primary grounds for this motion, respondent asserts that the sole claim of petitioner, Julio Lopez, fails to state a viable cause of action because his allegations do not set forth any challenge to the jurisdiction of the trial court which imposed his underlying criminal conviction. For the following reasons, we conclude that the motion to dismiss has merit.
 {¶ 2} Petitioner's present incarceration in the state penitentiary is based upon a 2004 conviction in the Cuyahoga County Court of Common Pleas. At the outset of that criminal proceeding, petitioner entered a plea of not guilty to all ten charges delineated in the indictment. However, before the case could come to trial, he entered a new plea of guilty to one count of drug trafficking and an accompanying firearm specification. The remaining nine charges were dismissed. Upon accepting the guilty plea, the Cuyahoga County trial court sentenced petitioner to an aggregate prison term of seven years.
 {¶ 3} In maintaining the instant action, petitioner submits that he is entitled to be released from confinement immediately because a number of errors occurred during the Cuyahoga County proceedings. As the primary basis for this contention, he asserts that his basic right to due process was violated when the trial court improperly accepted his guilty plea. Specifically, petitioner alleges that his guilty plea was not made knowingly because he did not have a full understanding of the nature of underlying charge and the extent of the penalty he could receive. He further alleges that the plea was improper as a result of the fact that the trial court did not inform him that he could be subject to post-release control when his sentence had been served.
 {¶ 4} As respondent correctly notes in his motion to dismiss, if the restraint of a person's liberty is based upon a criminal conviction, a writ of habeas corpus will only lie to compel his release when he is able to demonstrate that the trial court did not have the required jurisdiction to impose the conviction. Watson v. Altier, 11th Dist. No. 2006-T-0097, 2006-Ohio-5831, at ¶ 4. Accordingly, a state prisoner usually fails to state a viable claim for such a writ when he simply asserts that the trial court in the underlying criminal case committed a non-jurisdictional error. Tillis v. Gansheimer, 11th Dist. No. 2002-A-0099, 2003-Ohio-1097, at ¶ 10. "The sole exception to the `jurisdictional error' requirement is that a viable claim for the writ can be based on a non-jurisdictional error when there are no other adequate legal remedies the prisoner can pursue to protect his rights." Id. In applying these general rules, this court has stated that a direct appeal from a criminal conviction constitutes an adequate legal remedy.Azcuy v. Konteh (May 8, 1998), 11th Dist. No. 97-T-0123, 1998 Ohio App. LEXIS 2120.
 {¶ 5} Consistent with the foregoing, this court has expressly held that any issue pertaining to the validity of a guilty plea cannot form the basis of a viable habeas corpus claim because such an issue does not raise the possibility of a jurisdictional error. State ex rel.Fitzpatrick v. Trumbull Corr. Inst., 11th Dist. No. 2003-T-0080, 2003-Ohio-5005, at ¶ 10. As part of our analysis inFitzpatrick, we noted that the Supreme Court of Ohio had concluded that if a criminal defendant had failed to appeal his conviction in a timely manner, he can contest the validity of his guilty plea only through a motion to withdraw the plea or a petition for postconviction relief. Id., citing Douglas v. Money (1999), 85 Ohio St.3d 348, 349.
 {¶ 6} In light of this precedent, it follows that petitioner's allegations concerning the validity of his plea are not legally sufficient to delineate a feasible claim for a writ of habeas corpus. Even if the Cuyahoga County trial court failed to ascertain whether he understood the nature of charged crime and the maximum penalty, such an error would only be procedural in nature and would not affect that court's basic jurisdiction over the criminal proceeding. Moreover, petitioner could contest the propriety of his guilty plea through a direct appeal, delayed appeal, a motion to withdraw the plea, or a petition for postconviction relief. This analysis would also apply to petitioner's similar assertion that the validity of his plea was affected by the trial court's failure to inform him that he could be subject to post-release control.
 {¶ 7} As an aside, this court would indicate that even if the failure to reference post-release control could have also affected the propriety of petitioner's sentence, this alleged error cannot be challenged in a habeas corpus case. In Johnson v. Bobby, 11th Dist. No. 2003-T-0181,2004-Ohio-1075, we emphasized that since a sentencing error is not jurisdictional in nature, it is not a proper basis for a habeas corpus claim.
 {¶ 8} Besides his "plea" allegations, petitioner further asserts that he is entitled to a writ because he was denied his right to effective assistance of counsel and his right to equal protection under the law. However, a review of the relevant case law indicates that neither of these assertions can form the grounds of a proper claim. See Perotti v.Tapia, 7th Dist. No. 05 MA 121, 2005-Ohio-5634, at ¶ 8; In reCopley (1972), 29 Ohio St.2d 35. Again, both of the assertions do not relate to the jurisdiction of the trial court, and both can be contested in a direct appeal from the conviction.
 {¶ 9} As this court has stated on numerous occasions, a habeas corpus petition can be subject to dismissal under Civ.R. 12(B)(6) when it fails to contain the necessary allegations to state a viable claim.Watson, 2007-Ohio-5831, at ¶ 7. Under that rule, the dismissal of a petition is warranted if the nature of its allegations is such that it is beyond a reasonable doubt that the petitioner will be unable to prove a set of facts entitling him to the writ, even when his allegations are interpreted in a way most favorable to him. Id. In the instant action, our review of the habeas corpus petition readily demonstrates that petitioner's allegations are legally insufficient to overcome the foregoing standard. That is, since his allegations refer solely to possible procedural errors which could have been challenged in an appeal or delayed appeal, he will never be able to establish that he is entitled to be released from the state prison.
 {¶ 10} Pursuant to the foregoing discussion, respondent's motion to dismiss is granted. It is the order of this court that petitioner's entire habeas corpus petitioner is hereby dismissed.
DONALD R. FORD, P.J., CYNTHIA WESTCOTT RICE, J., COLLEEN MARY OTOOLE, J., concur.