PER CURIAM OPINION
{¶ 1} This habeas corpus action is presently before this court for consideration of the motion to dismiss of respondent, Warden Richard Gansheimer of the Lake Erie Correctional Institution. As the primary basis for his motion, respondent contends that the sole claim of petitioner, Daryl L. Gotel, fails to state a viable cause of action because his own allegations support the conclusion that the trial court in the underlying criminal proceedings had jurisdiction to issue a criminal conviction against him. For the following *Page 2 
reasons, this court holds that the motion to dismiss has merit.
 {¶ 2} Petitioner is currently an inmate at the Lake Erie Correctional Institution, having previously been convicted of one count of robbery in the Lake County Court of Common Pleas. In bringing this case for a writ of habeas corpus, he essentially asserts that he is entitled to be released immediately because the common pleas court never acquired proper jurisdiction over him when his criminal case was bound over to that court from a municipal court. Our review of the habeas corpus petition indicates that his claim for relief is predicated upon the following basic factual allegations.
 {¶ 3} In January 2005, two criminal complaints were filed against petitioner in the Mentor Municipal Court. These complaints charged petitioner with one offense of robbery under R.C. 2911.02(A)(2) and one offense of theft under R.C. 2913.02(A)(1). After petitioner's initial bail had been set and he had waived his right to a preliminary hearing, the municipal court issued a judgment which ordered that the matter be bound over to the common pleas court. Nearly three months later, the Lake County Grand Jury returned a three-count indictment against petitioner.
 {¶ 4} Of the three new charges contained in the indictment, two of them were identical to the charges set forth in the two complaints before the municipal court; i.e., the first two counts in the indictment alleged that petitioner had committed the offenses of robbery and theft. The remaining count charged him with a new separate offense of robbery, also pursuant to R.C. 2911.02(A)(2).
 {¶ 5} Initially, petitioner entered a not guilty plea to each count in the indictment. However, before the matter could come to trial before the common pleas court, his trial counsel negotiated a plea agreement under which, in exchange for the dismissal of two *Page 3 
of the counts, he changed his plea to guilty to one count of robbery. Upon accepting the new plea, the common pleas court issued a judgment in which petitioner was ordered to serve a sentence of six years in a state penitentiary.
 {¶ 6} In now contending in his habeas corpus petition that his robbery conviction must be declared void, petitioner focuses his argument upon the correlation between two of the counts in the indictment and the two charges in the criminal complaints at the municipal level. Specifically, he maintains that the common pleas court had jurisdiction to proceed on the "theft" count and one of the "robbery" counts because those counts in the indictments were "based" on the charges set forth in the two complaints. However, as to the separate "robbery" count, petitioner states that the common pleas court did not have the authority to go forward on that count because it was not predicated upon any complaint before the municipal court; i.e., he argues that a criminal prosecution has not been properly instituted unless it is based on a complaint. In turn, he further argues that since he was ultimately convicted of the separate "robbery" count, his incarceration at the state prison should be deemed illegal.
 {¶ 7} In challenging the legal sufficiency of petitioner's allegations, respondent essentially submits that even if an error did occur in the filing of the criminal complaints before the municipal court, such an error would not have had any effect upon the basic authority of the common pleas court. Specifically, respondent contends that, because petitioner readily admits in his petition that his conviction was for a charge contained in the indictment, his allegations demonstrate that the common pleas court acted within the scope of its jurisdiction in accepting the guilty plea and entering the conviction.
 {¶ 8} As the initial point of our analysis, this court would note that petitioner's *Page 4 
entire claim for relief is based upon an underlying theory that any criminal charge must always be raised first in a criminal complaint; i.e., according to petitioner, a common plea court cannot acquire jurisdiction to try a count in an indictment unless the charge was initially made in a complaint. However, petitioner's theory as to the proper method for asserting criminal charges conflicts with the elementary provisions of the Ohio Rules of Criminal Procedure. In applying Crim. R. 3, 4.1, 6, and 7, the courts of this state have concluded that a complaint is only one means for instituting a criminal action, and that charges can also be brought by an indictment or information. See, e.g., State ex rel. Richardson v. Winston, 8th Dist. No. 80425, 2001 Ohio App. LEXIS 5083. In regard to this basic point, it has also been emphasized that, pursuant to R.C. 2931.03, a common pleas court has original jurisdiction over all crimes except for certain minor offenses; thus, the filing of a proper indictment through the grand jury is sufficient to invoke that court's jurisdiction. Peters v.Anderson, 9th Dist. No. 02CA008096, 2002-Ohio-6766.
 {¶ 9} In Richardson, the petitioner sought a writ of habeas corpus on the basis that the common pleas court had never obtained jurisdiction to try him pursuant to an indictment because the proper procedure had not been followed in filing the original complaint before the municipal court. In holding that a viable claim for a writ had not been stated, the appellate court indicated that any flaw in the complaint would have had no effect upon the validity of the common pleas court's proceedings: "Therefore, the absence of a criminal complaint is irrelevant and does not void the petitioner's conviction." Richardson, 2001 Ohio App. LEXIS 5083, at *2.
 {¶ 10} As the Richardson court noted in its legal discussion, the Supreme Court of Ohio has had the opportunity to consider arguments similar to the contention raised *Page 5 
by the Richardson petitioner. For example, in Thornton v. Russell
(1998), 82 Ohio St.3d 93, the petitioner claimed that his murder conviction should be declared void because the initial complaint against him had only been sworn before a deputy clerk of courts. In affirming the dismissal of the habeas corpus petition, the Supreme Court stated: "[A]ny defect in the criminal complaint filed in municipal court is not cognizable in habeas corpus because [the petitioner] was never convicted and sentenced on the complaint. Instead, the criminal complaint was dismissed, and [he] was convicted and sentenced upon the indictment." Id., at 465. See, also, State ex rel. Jackson v. Brigano (2000),88 Ohio St.3d 180.
 {¶ 11} Under the foregoing precedent, the jurisdiction of a common pleas court over a criminal action does not hinge upon the propriety of the proceedings before the municipal court. Rather, the common pleas court's jurisdiction is controlled by the filing of the indictment or complaint before it. Therefore, the allegations before this court in the instant matter are not sufficient to show a lack of jurisdiction on the part of the Lake County Court of Common Pleas in petitioner's underlying criminal case. That is, even if we assume for the sake of this analysis that petitioner was convicted on the separate "robbery" count which was never alleged at the municipal level, the fact that there was no separate complaint as to this new charge had no effect upon the jurisdiction of the common pleas court. In other words, it simply was not necessary for the charges in the complaints and the charges in the indictment to correlate because the common pleas court's ability to proceed was predicated solely upon the indictment.
 {¶ 12} In reviewing the merits of previous habeas corpus claims, this court has expressly held that such claims can be dismissed under Civ. R. 12(B)(6). See Lopez v. *Page 6 Gansheimer 11th Dist. No. 2006-A-0014, 2007-Ohio-472, at ¶ 9. Pursuant to that rule, a civil claim can be dismissed for failing to state a viable cause of action when "* * * the nature of its allegations is such that it is beyond a reasonable doubt that the petitioner will be unable to prove a set of facts entitling him to the writ, even when his allegations are interpreted in a way most favorable to him." Id. In light of the foregoing discussion, we conclude that the allegations in the instant petition are not sufficient to overcome this legal standard. Specifically, petitioner's allegations establish that he will never be able to prove that his criminal conviction was rendered by a common pleas court which did not have the requisite jurisdiction to proceed. Since petitioner has alleged in his petition that his conviction was predicated upon an indictment, he is not entitled to be released from the state penitentiary.
{¶ l3} Consistent with our analysis, respondent's motion to dismiss the instant matter is granted. It is the order of this court that petitioner's entire habeas corpus petition is hereby dismissed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., COLLEEN MARY OTOOLE, J., concur. *Page 1