OPINION
{¶ 1} This habeas corpus action is presently before this court for consideration of the motion for summary judgment of respondent, Warden Richard Gansheimer of the Lake Erie Correctional Institution. As the primary grounds for this motion, respondent maintains that he is entitled to prevail in this matter because his evidentiary materials establish that petitioner, Jackie Robinson, has not completed his maximum prison term under his criminal convictions. For the following reasons, we conclude that the granting of summary judgment is appropriate. *Page 2 
 {¶ 2} Petitioner is presently an inmate in the Lake Erie Correctional Institution, having previously been a party to four separate criminal actions in the Summit County Court of Common Pleas. In the first of these actions, Summit C.P. No. CR-02-0204, he was found guilty of one count of burglary, a second-degree felony, and was sentenced to an indeterminate term of two to fifteen years in a state prison. Petitioner then started to serve this term in July 1976.
 {¶ 3} After having been released on parole for his first conviction, petitioner was indicted on five new felony charges in Summit C.P. No. CR-79-3-319. In April 1979, he ultimately was found guilty of three of the counts, including aggravated robbery, having a weapon while under a disability, and carrying a concealed weapon. As his sentence for these offenses, petitioner was ordered to serve respective indeterminate terms of seven to twenty-five years, one to five years, and one to ten years. In addition, the trial court in that case ordered that the three indeterminate terms be served consecutively. Thus, petitioner's maximum term under this sentence was forty years.
 {¶ 4} Upon serving approximately nineteen years on the foregoing terms in the state prison system, petitioner was again released on parole. Within one year after that release, he was again tried on criminal charges in Summit C.P. No. CR-99-08-1719, and was found guilty of carrying a concealed weapon and having a weapon while under a disability. In November 1999, he was sentenced to two definite terms of seventeen months and four years on the respective counts. Furthermore, it was ordered that these terms be served concurrently.
 {¶ 5} Petitioner's final conviction occurred in February 2005, after he had again been released on parole. In Summit C.P. No. CR-04-10-3379, the jury found petitioner *Page 3 
guilty of theft and passing bad checks, two felony offenses. As his separate sentence for these crimes, the trial court held that petitioner should serve a definite term of twelve months on each charge, with the two terms to run consecutively.
 {¶ 6} In bringing the instant case to obtain his immediate release, petitioner filed a petition which contained a single paragraph. Under this sole paragraph, he appeared to maintain that the Ohio Adult Parole Authority had improperly allowed the sentences under his second conviction to run "continuously." After respondent had submitted his summary judgment motion, petitioner filed his own motion for such relief. As part of that submission, petitioner tried to clarify his petition by stating that he was entitled to be released because he had served each of the maximum sentences under all of his convictions.
 {¶ 7} As was noted previously, the primary argument in respondent's summary judgment motion is predicated upon the opposite assertion. That is, respondent argues that a writ of habeas corpus cannot lie in this particular instance because petitioner has not completed the full length of the maximum terms which were imposed under two of his four convictions. In support of this argument, respondent has attached to his motion copies of the final judgments in each of the four Summit County trial proceedings.
 {¶ 8} Petitioner did not file any type of response brief to respondent's motion for summary judgment. Instead, he submitted his own Civ.R. 56 motion. Even though the latter motion was filed approximately thirty days after respondent's motion, petitioner did not challenge the validity of any of the evidentiary materials, including the copies of the four final judgments, accompanying respondent's submission. In addition, petitioner did not attempt to create any type of factual dispute by submitting his own evidentiary items. *Page 4 
 {¶ 9} As a general proposition, a writ of habeas corpus is the proper remedy for a state prisoner to pursue when he believes that his present incarceration is not lawful. Beach v. Khante, 6th Dist. No. L-07-1053,2007-Ohio-1038, at ¶ 3. When it is invoked in relation to imprisonment, the writ will usually lie if the inmate can establish one of two circumstances. First, the inmate is entitled to his freedom if the trial court in the criminal proceeding lacked the general jurisdiction to impose the conviction. Rowe v. Brunsman, 4th Dist. No. 06CA2891,2006-Ohio-1964, at ¶ 4. Second, the writ will be issued when the inmate is still being held even though his maximum sentence has expired. Id., citing Heddleston v. Mack (1998), 84 Ohio St.3d 213.
 {¶ 10} In the instant matter, petitioner has not contested the jurisdiction of any of the four Summit County trial courts to order his imprisonment based on the underlying criminal convictions. Rather, he has merely asserted that he has served all of the terms imposed by those courts. However, our review of the final judgment in the second trial proceeding, Summit C.P. No. CR-79-3-319, readily indicates that the trial court imposed three indefinite sentences for the three charges. That judgment further shows that the maximum terms petitioner received for the respective crimes was twenty-five years, five years, and ten years, and that the three terms were to be served consecutively. As a result, the maximum sentence he could be required to serve under his second conviction was forty years.
 {¶ 11} Since petitioner's conviction in the second Summit County case occurred in 1979, it follows that his maximum sentence in that matter will not be completed until 2019. Thus, regardless of the sentences imposed in the other three actions, petitioner is not entitled to be released on the grounds that he has served his entire sentence. To *Page 5 
this extent, the evidentiary materials before us support the legal conclusion that a writ of habeas corpus is not warranted in this instance.
 {¶ 12} In regard to respondent's evidentiary materials, this court would note that the copies of the final judgments do not fall within any of the categories of items which can be considered in ruling on a summary judgment motion. In applying Civ.R. 56(C), we have held that if an evidentiary item does cannot be placed in one of the categories of documents referenced in the rule, it cannot be reviewed unless it is accompanied by a properly-framed affidavit. State ex rel. Martin v.Malz (June 29, 2001), 11th Dist. No. 2000-A-0073, 2001 Ohio App. LEXIS 2950, at *4. However, we have further held that, even in the absence of the needed affidavit, a trial court can still consider such an item when the opposing party does not object to it. Dietelbach v. Ohio EdisonCo., 11th Dist. No. 2004-T-0063, 2005-Ohio-4902, at ¶ 15.
 {¶ 13} In the instant matter, a review of the copies of the final judgments shows that they are not properly certified or accompanied by a proper affidavit. Nevertheless, in filing his own summary judgment motion, petitioner did not object to the copies or the lack of an affidavit. Furthermore, some of the factual assertions in petitioner's motion are consistent with the contents of the copy of the final judgment in the second Summit County action. Finally, our review does not reveal any defects in the four copies which would call into question their authenticity. Therefore, the copies of the final judgments were properly before us in disposing of respondent's Civ.R. 56 motion.
 {¶ 14} Pursuant to Civ.R. 56(C), summary judgment can be granted in favor of the moving party when his motion demonstrates that: "* * * (1) there are no genuine issues of material fact remaining to be tried; (2) the moving party is entitled to judgment *Page 6 
in his favor as a matter of law; and (3) the state of the evidentiary materials is such that, even when those materials are viewed in a manner most favorable to the opposing party, a reasonable person would still reach a conclusion which is adverse to the opposing party." State exrel. Thompson v. Gansheimer, 11th Dist. No. 2006-A-0086, 2007-Ohio-3477, at ¶ 16. After applying the foregoing standard to respondent's present motion, this court concludes that he is entitled to summary judgment as to petitioner's habeas corpus claim. That is, since respondent's evidentiary materials establish that petitioner will not complete his maximum sentence until the year 2019, petitioner is not entitled to be released from the state prison, as a matter of law.
 {¶ 15} Consistent with the foregoing analysis, respondent's motion for summary judgment is granted. It is the order of this court that final judgment is hereby granted in favor of respondent as to petitioner's entire claim in habeas corpus.
DIANE V. GRENDELL, J., COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1