PER CURIAM OPINION
{¶ 1} This habeas corpus action is presently before this court for disposition of the motion to dismiss of respondent, Warden David Bobby of the Trumbull Correctional Institution. As the primary grounds for the motion, respondent submits that petitioner, Jeffrey A. Keith, has failed to state a viable claim for a writ because his own allegations support the conclusion that his underlying criminal convictions have not been declared void. For the following reasons, we conclude that the motion to dismiss has merit.
 {¶ 2} According to petitioner, his present incarceration in the penal institution is *Page 2 
predicated upon three separate criminal convictions in the Cuyahoga County Court of Common Pleas. In his first proceeding, Cuyahoga C.P. No. CR-316724, a jury found petitioner guilty of five counts of arson and one count of grand theft of a motor vehicle. As to the most serious of the arson counts, the trial court sentenced him to an indefinite term of five to fifteen years. In regard to the remaining counts, the trial court imposed shorter terms which were to run concurrently with the foregoing indefinite term.
 {¶ 3} Petitioner's first conviction was rendered in July 1995. Approximately two years later, he was again the subject of a criminal prosecution in Cuyahoga C.P. No. CR-333972. In this second action, a jury found petitioner guilty of various charges of theft, medicaid fraud, securing writings by deception, forgery, and uttering. At the close of this matter, the trial court ordered him to serve an aggregate term of ten and one-half years for the offenses. The trial court further ordered that the aggregate term was to be served consecutively to the imposed sentence in petitioner's first criminal case.
 {¶ 4} In April 1999, the third action against petitioner went forward in Cuyahoga C.P. No. CR-350831. In this proceeding, petitioner was found guilty of perjury, uttering, tampering with evidence, forgery, grand theft, and attempted aggravated theft. As his penalty for these particular offenses, the trial court sentenced petitioner to an aggregate term of five years. In addition, the court ordered that this term was to run concurrently with the imposed sentence under petitioner's second conviction.
 {¶ 5} The jury trial in the first proceeding against petitioner was conducted by Judge Daniel Gaul of the Cuyahoga County Court of Common Pleas. The second and third trials were held before Joseph E. Cirigliano, a retired visiting judge from Lorain County, Ohio. *Page 3 
 {¶ 6} In January 2002, after each of his convictions had been affirmed by the Eighth Appellate District, petitioner moved the trial court under his first case, Cuyahoga C.P. No. CR-316724, for leave to file a motion for a new trial. Once the state had filed a brief in opposition, a judgment entry was rendered in that case which denied the request for leave. Even though Judge Gaul had signed the original sentencing judgment in the first case, the judgment overruling the "leave" request was signed by Judge Cirigliano.
 {¶ 7} Petitioner timely appealed the foregoing determination. InState v. Keith, 8th Dist. No. 81125, 2002-Ohio-7250, the Eighth Appellate District specifically declared the judgment on the "leave" request to be void because Judge Cirigliano had not had the proper authority to render a determination on the motion. In support of its holding, the appellate court noted that there was no indication in the record that Judge Cirigliano had ever been appointed to hear any aspect of Cuyahoga C.P. No. CR-316724. In light of this, the appellate court dismissed the matter on the basis that a void judgment was not appealable.
 {¶ 8} At the time that the foregoing dismissal was rendered, petitioner had two other appeals pending before the Eighth Appellate District. Each of these appeals had been taken from a post-conviction judgment which Judge Cirigliano had released in the second and third criminal actions, Cuyahoga C.P. Nos. 333970 and 350831. Within ten days after the issuance of the foregoing decision in 8th Dist. No. 81125, petitioner filed a motion to dismiss the two other appeals, 8th Dist. Nos. 81874 and 81875, on the basis that the appealed judgment in each of those appeals was also void. Petitioner asserted in that particular motion that, since Judge Cirigliano had never been properly appointed as a visiting judge in the two underlying cases, he had never had the authority to render *Page 4 
any judgments throughout those proceedings.
 {¶ 9} One day after receiving the motion to dismiss, the Eighth Appellate District released a judgment in which it granted the pro se motion as to both pending appeals. In doing so, the appellate court did not indicate whether it agreed with petitioner that the logic set forth in 8th Dist. No. 81125 was applicable to the other two appeals.
 {¶ 10} Based upon the foregoing basic facts, petitioner initiated the instant action in April 2007. As the primary grounds for his habeas corpus claim, petitioner asserted that he is entitled to be released at this time because each of his three convictions have been declared void. In regard to his first conviction, petitioner stated that the holding of the appellate court in 8th Dist. No. 81125 had the effect of nullifying the entire criminal proceeding. As to the other two convictions, he stated that the adoption of his motion to dismiss the appeals indicated that the Eighth Appellate District had concluded that the outcome of those cases also had to be nullified because the Supreme Court had never appointed Judge Cirigliano to preside over those matters.
 {¶ 11} In now moving to dismiss the habeas corpus petition, respondent basically contends that petitioner has simply misinterpreted the nature of the holding in 8th Dist. No. 81125, 2002-Ohio-7250. Specifically, respondent submits that the holding in that appeal was only intended to vacate the determination on petitioner's motion for leave to request a new trial, not to void the entire underlying conviction.
 {¶ 12} After fully reviewing the Eighth Appellate District's opinion, this court holds that respondent's interpretation is correct. The wording of the opinion readily indicates that the appeal in question stemmed solely from the judgment overruling the motion for leave. That is, the basic validity of petitioner's underlying conviction was not before the *Page 5 
Eighth Appellate District at that time because the appeal had not been taken from the 1995 sentencing judgment in that action. In fact, the opinion notes that the sentencing judgment had been the subject of a prior appeal before that court, and that the validity of petitioner's conviction had been upheld as part of the prior appeal.
 {¶ 13} More importantly, this court would emphasize that the holding in 8th Dist. No. 81125 was expressly limited to the determination to deny petitioner leave to move for a new trial. There is simply no indication in the wording of the opinion that the legal analysis concerning Judge Cirigliano's actions was meant to be extended to the basic conviction contained in the sentencing judgment. In the final paragraph of the opinion, the appellate court stated: "Since Judge Cirigliano had no authority to enter the order granting the state's motion to dismiss [the motion for leave], the judgment is void." Id., 2002-Ohio-7250, at ¶ 8.
 {¶ 14} As a separate point, this court would further note that the Eighth Appellate District's opinion stated that Judge Daniel Gaul had presided over petitioner's trial in the underlying case, Cuyahoga C.P. No. 316724. The factual assertions in the instant claim in habeas corpus are consistent with that statement. In light of this fact, logic dictates that any holding as to Judge Cirigliano's actions in that case would have no effect upon the validity of Judge Gaul's actions in rendering the sentencing judgment. Accordingly, petitioner's factual allegations before us are legally insufficient to demonstrate that his conviction in his first Cuyahoga County criminal case has been declared void.
 {¶ 15} In relation to petitioner's second and third Cuyahoga County convictions, this court would indicate that it is not necessary for us to address the issue of whether the granting of petitioner's motion to dismiss his other pending appeals had the effect of *Page 6 
nullifying those separate proceedings. The evidentiary materials attached to petitioner's habeas corpus petition establish that, as part of the sentencing judgment under his first Cuyahoga County case, Judge Gaul ordered him to serve a maximum term of fifteen years. Since this first conviction was issued in April 1995, petitioner has not completed his maximum sentence for the offenses in that action. As a result, even if petitioner's other two Cuyahoga County convictions did somehow become void due to the dismissal of the subsequent appeals, petitioner still would not be entitled to be released from the state prison at this time. To this extent, a writ of habeas corpus will not issue under the facts alleged by petitioner. See Robinson v. Gansheimer, 11th Dist. No. 2007-A-0035, 2007-Ohio-3845, at ¶ 9.
 {¶ 16} In conjunction with his argument concerning the effect of the holding in 8th Dist. No. 81125, petitioner also asserted that, even though the Eighth Appellate District released its determination concerning Judge Cirigliano's actions in December 2002, no new proceedings have been held in the first Cuyahoga County case. That is, petitioner stated that no new judge has been appointed to go forward on his motion for leave.[1] In light of this, he argued that he has no adequate legal remedy at this point.
 {¶ 17} As to this point, it should be noted that when a common pleas court fails to proceed with a pending matter within a reasonable time, the proper remedy for a party to pursue is a writ of procedendo. Although this court does have the general authority under Section 3, Article IV of the Ohio Constitution to issue such a writ, we could not do so in this particular instance because the Cuyahoga County Court of Common Pleas does not lie within our territorial jurisdiction. Stated differently, because the Cuyahoga *Page 7 
County trial court is situated within the jurisdiction of the Eighth Appellate District, only the latter court could order the trial court to proceed to judgment on the motion for leave. Thus, even if we were to allow petitioner to amend his petition for relief, we still could not grant any type of writ in his favor.
 {¶ 18} In addition to his contention as to the effect of Eighth Appellate District's decision, petitioner alleged under his habeas corpus claim that his convictions under all three Cuyahoga County cases must be declared void because he has been the victim of a pattern of corrupt activity. Specifically, he maintained that various public officials in Cuyahoga County conspired to manufacture false evidence against him which formed the grounds of his convictions. He also stated that his trial counsel in one of his cases participated in the conspiracy by agreeing with an assistant prosecutor to have all of the cases assigned to Judge Cirigliano.
 {¶ 19} As a general proposition, if an inmate has not completed his maximum jail term under his sentence, a writ of habeas corpus will lie only when it can be shown that the trial court in the underlying criminal action lacked the basic jurisdiction to go forward against him.Robinson, 2007-Ohio-3845, at ¶ 9. In applying this general requirement for the writ, the Supreme Court of Ohio has indicated that allegations of fraud or trickery by the state and the defendant's trial counsel are not sufficient to state a viable claim for relief because they do not attack the jurisdiction of the sentencing court. State ex rel. Tran v.McMacklin (1991), 62 Ohio St.3d 165. For the same reason, the Supreme Court has held that an allegation of perjured testimony cannot form the basis of a legitimate claim in habeas corpus. Bozsik v. Hudson,110 Ohio St.3d 245, 2006-Ohio-4356, at ¶ 13. *Page 8 
 {¶ 20} Pursuant to this legal precedent, even if petitioner could ultimately prove that his conviction under his first Cuyahoga County case was based upon fraudulent or perjured testimony, he still would not be entitled to be released from the state institution because this type of alleged error in the trial proceeding would not affect the trial court's jurisdiction over the matter. Furthermore, in relation to the alleged agreement to have Judge Cirigliano appointed to the first Cuyahoga County case, this court would note that such an agreement could only have taken place after the action had been tried before Judge Gaul; thus, even if the alleged fraudulent behavior by the attorneys was viewed as a possible "jurisdictional" error under the relevant case law, the timing of the alleged agreement could not have affected Judge Gaul's jurisdiction to impose the conviction. Therefore, the second basis for the instant claim also fails to state any viable grounds for habeas corpus relief.
 {¶ 21} Finally, our review of respondent's motion to dismiss indicates that, as a separate argument, he submits that this court could not consider the actual merits of the habeas corpus claim because petitioner failed to file his petition in the proper county. Respondent argues that, since petitioner is presently incarcerated in Trumbull County, it was improper for him to initiate this action in Portage County. However, in considering a factual scenario similar to that in this matter, the Ninth Appellate District has held that the failure to file a habeas corpus petition in the county of actual incarceration does not deprive an appellate court of authority over the case so long as both the county of filing and the county of incarceration are within the court's territorial jurisdiction. See State v. Wilcher (Feb. 11, 1994), 9th Dist. No. 16538, 1994 Ohio App. LEXIS 688. Thus, since both Trumbull County and Portage County lie within our jurisdiction, we have addressed *Page 9 
the merits of the habeas corpus claim notwithstanding the technical error as to the initial filing of the action.
 {¶ 22} In initially reviewing the substance of habeas corpus petitions, this court has indicated in prior cases that such petitions can be subject to dismissal under Civ.R. 12(B)(6). Lopez v.Gansheimer, 11th Dist. No. 2006-A-0014, 2007-Ohio-472. "Under that rule, the dismissal of a petition is warranted if the nature of its allegations is such that it is beyond a reasonable doubt that the petitioner will be unable to prove a set of facts entitling him to the writ, even when his allegations are interpreted in a way most favorable to him." Id., 2007-Ohio-472, at ¶ 9. Pursuant to the foregoing analysis, we conclude that the allegations in the instant petition are not legally sufficient to satisfy this standard. That is, petitioner's own allegations demonstrate that he will not be able to establish that the trial court in his first Cuyahoga County case lacked the requisite jurisdiction to enter the conviction against him.
 {¶ 23} Accordingly, respondent's motion to dismiss the habeas corpus petition is granted. It is the order of this court that petitioner's entire habeas corpus claim is hereby dismissed.
COLLEEN MARY OTOOLE, MARY JANE TRAPP, J., TIMOTHY P. CANNON, J.,
concur.
[1] The materials accompanying the habeas corpus petition also show that, at some point after issuing the sentencing judgment in the first criminal case, Judge Gaul recused himself from the matter. *Page 1