PER CURIAM OPINION
{¶ 1} This habeas corpus action is now before this court for consideration of the dismissal motion of respondent, Warden B. Kelly of the Trumbull Correctional Institution. As the primary basis for his motion, respondent submits that the instant matter should not go forward because the allegations of petitioner, Danny J. Webber, are insufficient to state a viable claim for the writ. For the following reasons, this court concludes that *Page 2 
the motion to dismiss has merit.
 {¶ 2} Petitioner's present incarceration in respondent's institution is based upon a 1999 criminal conviction in the Medina County Court of Common Pleas. Following a jury trial, petitioner was found guilty of felonious assault of a police officer, assault of a police officer, and failure to comply with an order or signal of a police officer. The trial court then sentenced him to one term of ten years on the first offense and two terms of one and one-half years on the remaining offenses. In addition, the trial court ordered that all three terms be served consecutively, for an aggregate term of thirteen years.
 {¶ 3} Petitioner immediately appealed his conviction to the Ninth District Court of Appeals. In August 2000, the appellate court rendered an opinion which affirmed the conviction in all respects. Under the fourth assignment of his appeal, petitioner argued that the jury verdicts on all three offenses had been against the manifest weight of the evidence. As to the "felonious assault" offense, a majority of the three-judge panel held that petitioner's argument was well taken. Nevertheless, because the third judge of the panel had dissented on that point, the majority still upheld the conviction for felonious assault under Section 3(B)(3), Article IV of the Ohio Constitution. That provision states that an appellate court cannot reverse a jury verdict on the grounds of manifest weight unless all three judges of the panel concur.
 {¶ 4} After serving approximately seven years of his term, petitioner initiated the instant case in habeas corpus. As the sole basis for his single claim, petitioner asserted that, by predicating its decision to uphold his felonious assault conviction upon Section 3(B)(3) of Article IV, the Ninth District Court of Appeals had violated his basic right to due process of law. Specifically, he maintained that, since a majority of the appellate *Page 3 
court concluded that the conviction was not supported by the evidence, the jury verdict should have been reversed and his case remanded for a new jury trial. In light of this, his petition ultimately argued that his continuing detainment in the state prison is illegal.
 {¶ 5} Although not expressly stated in the habeas corpus petition, it is apparent that petitioner is seeking a determination that the "manifest weight" requirement of the Ohio Constitution is not enforceable against him because it somehow conflicts with the more basic right to due process. Upon applying the basic principles governing an action in habeas corpus, this court holds that the merits of the foregoing issue are not properly before this court in the context of the instant proceeding.
 {¶ 6} First, we would again indicate that, as part of the allegations in his claim, petitioner expressly asserted that a criminal defendant is entitled to a new trial when his conviction is reversed on the grounds of manifest weight of the evidence. Our review of pertinent case law readily shows that petitioner's assertion is legally correct. InState v. Thompkins (1997), 78 Ohio St.3d 380, the Supreme Court of Ohio stated that, unlike a reversal for insufficient evidence, a reversal of a conviction under the manifest weight standard does not result in the immediate dismissal of the criminal charges; instead, such a reversal only affords the defendant a second opportunity to be acquitted by the jury at the conclusion of a new trial.
 {¶ 7} Under Ohio law, it is also well established that a writ of habeas corpus will only lie when the defendant is entitled to be released immediately from the jail or state prison. See Jordan v.State, 11th Dist. No. 2006-T-0103, 2007-Ohio-341, at ¶ 3, citingSmith v. Leis, 106 Ohio St.3d 309, 2005-Ohio-5125. Under petitioner's own allegations in the instant action, even if the Ninth District Court of Appeals had chosen to ignore the *Page 4 
constitutional provision and reversed his felonious assault conviction, that determination would not have resulted in the immediate dismissal of that charge and his release from prison. On this basis alone, petitioner has failed to state a viable claim for the issuance of a writ.
 {¶ 8} Second, the prior precedent of this court further provides that, unless the prisoner has already served his maximum sentence, a writ of habeas corpus generally will lie only if it can be demonstrated that the trial court in the underlying criminal case lacked the requisite jurisdiction to enter the conviction and impose sentence. State ex rel.Vinson v. Gansheimer, 11th Dist. No. 2007-A-0042, 2007-Ohio-5205, at ¶ 6. In this particular case, petitioner has not alleged a jurisdictional error on the part of the Medina County trial court. Rather, he has only challenged the propriety of the appellate court's decision to affirm his entire conviction. At best, petitioner has only raised a question as to the correctness of the appellate court's legal analysis. Although he has tried to frame his question in terms of due process, his allegations are insufficient to assert a plausible jurisdictional error, by either the trial court or appellate court, which would render his conviction for felonious assault void.
 {¶ 9} Finally, petitioner's own allegations support the conclusion that he had an adequate legal remedy through a direct appeal to the Supreme Court of Ohio. As part of his response to the motion to dismiss, petitioner stated that, for a variety of reasons, he was unable to file a timely appeal of the appellate decision. However, in construing the "adequate remedy" element of a habeas corpus claim, the courts of this state have held that an alternative legal remedy will be deemed "adequate" even if it is not currently available to the prisoner. See, e.g., Newell v. Anderson, 9th Dist. No. 05CA008812, *Page 5 2006-Ohio-3291, at ¶ 7. If petitioner's explanation for failing to timely appeal constitutes a legitimate excuse, logic dictates that the explanation should be made before the Supreme Court.
 {¶ 10} As a general proposition, a habeas corpus claim can be dismissed under Civ. R. 12(B)(6) if its allegations are not legally sufficient to satisfy the required elements. Lopez v. Gansheimer, 11th Dist. No. 2006-A-0014, 2007-Ohio-472, at ¶ 9. "Under that rule, the dismissal of a petition is warranted if the nature of its allegations is such that it is beyond a reasonable doubt that the petitioner will be unable to prove a set of facts entitling him to the writ, even when his allegations are interpreted in a way most favorable to him." Id. Applying this standard to the allegations in the instant matter, this court holds that petitioner has failed to state a viable claim for a writ of habeas corpus. That is, petitioner's own allegations can only be construed to indicate that he will never be able to prove his entitlement to be released immediately from respondent's state institution.
 {¶ 11} Pursuant to the foregoing legal analysis, respondent's motion to dismiss is granted. It is the order of this court that petitioner's entire habeas corpus claim is hereby dismissed.
DIANE V. GRENDELL, P.J., COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1