[Cite as *State v. McGowan*, 2017-Ohio-7124.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0052** |
| ANDRE MCGOWAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CR 00378.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Brian A. Smith,* 755 White Pond Drive, Suite 403, Akron, OH 44320 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Andre McGowan, appeals from the August 9, 2016 judgment of the Ashtabula County Court of Common Pleas, resentencing him as a result of an error in its original imposition of post-release control. Appellant's appointed, appellate counsel has filed a brief and requested leave to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellant was served with the brief and subsequently filed a pro se appellate brief. After conducting an independent review of appellant's

case, we conclude the instant appeal is wholly frivolous and affirm the trial court's judgment.

{¶2} Appellant was indicted on two counts of robbery, in violation of R.C. 2911.02, felonies of the third degree; two counts of kidnapping, in violation of R.C. 2905.01, felonies of the second degree; one count of theft, in violation of R.C. 2913.02, a felony of the fifth degree; and one count of grand theft, in violation of R.C. 2913.02, a felony of the fourth degree. Separate jury trials were held, because the charges stemmed from two separate incidents and appellant was granted relief from prejudicial joinder. Ultimately, appellant was found guilty on all counts. The trial court sentenced appellant on one count of robbery and one count of kidnapping to a total of 10 years; the remaining counts merged.

{¶3} Appellant appealed and, in *State v. McGowan*, 11th Dist. Ashtabula No. 2015-A-0015, 2015-Ohio-4430, this court affirmed appellant's convictions. Appellant subsequently filed an application for reopening, raising six proposed assignments of error. After finding appellant was deprived of the effective assistance of appellate counsel on appeal regarding the duration of post-release control, this court granted the application, reinstated the appeal, and remanded the case for the trial court to correct the error. On August 9, 2016, the trial court addressed the error and appellant filed the instant appeal.

{¶4} On December 12, 2016, appointed appellate counsel filed a brief, pursuant to *Anders*, *supra*. In *Anders*, the United States Supreme Court held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw.

*Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and request to withdraw and give the client an opportunity to raise any additional issues. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id.*

{¶5} Pursuant to *Anders*, counsel's brief was properly served on appellant, who filed a merit brief. We shall first address appointed counsel's proposed potential assignment of error. It provides:

{¶6} "Whether appellant's sentence, particularly the trial court's findings under R.C. 2929.14(C)(4), was supported by the record."

{¶7} Appointed counsel's potential assignment of error challenges the trial court's imposition of consecutive sentences on resentencing. The doctrine of res judicata bars the further litigation in a criminal case of issues that were or could have been raised previously in a direct appeal. *See e.g., State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Appellant could have raised challenges to his sentence on direct appeal; he did not do so.

{¶8} In *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, the Ohio Supreme Court clarified the foregoing in relation to post-release control issues. It observed "when a judge fails to impose statutorily mandated post-release control as

3

part of a defendant's sentence, that part of the sentence is void and must be set aside." *Id.* at ¶26. Nevertheless, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.* at ¶40. The remand for resentencing was limited to the issue of correcting the improper imposition of post-release control. The trial court complied with this order and imposed the legally correct post-release control sanction. Because the remaining lawful elements of appellant's sentence were not at issue on remand, those details and that aspect of appellant's conviction are res judicata. We therefore hold there are no colorable issues relating to the nature and adequacy of the trial court's findings vis-à-vis its imposition of consecutive sentences.

{¶9} Appointed counsel's potential assignment of error has no merit.

{¶10} In his appellate brief, appellant assigns eight potential assignments of error for our consideration. They provide:

{¶11} "[1.] The trial court erred to the prejudice of the appellant and abused its discretion by failing to instruct the jury on the lesser-included offenses to Kidnapping and Robbery. In violation of the Due Process Clause and the 5th and 6th amendment [sic] right to a fair trial. [Sic.]

{¶12} "[2.] [The] [t]rial court erred to the prejudice of defendant and Abused it's Discretion [sic] in finding no Sixth Amendment Speedy Trial violation. Overruled a motion to Dismiss indictment based on a speedy trial violation.

{¶13} "[3.] The trial court Abused its Discreiton and Erred to the Prejudice of Defendant in overruling Motion to Suppress confession. In violation of the Confrontation

4

Clause and Due Process of the Fourth, Fifth, Sixth, & Fourteenth Amendments to the United State[s] Constitution. [Sic.]

{¶14} "[4.] The trial court lacks Subject Matter Jurisdiction to impose sentence and conviction for the improper Bind over [sic] Procedure for failure to award a Affidavit-Complaint, & initiate a Preliminary Hearing. In violation of the Due Process Clause of the Fourteenth Amendment And Sixth Amendment Right to fair and impartial trial. [Sic.]

{¶15} "[5.] The trial court erred to the prejudice of Defendant-Appellant & Abused its Discretion in assuming Subject-matter jurisdiction when Grand Jury indictment was never admitted into evidence & not sending indictment with jury during deliberations in violation of 5th Amendment fair & impartial trial and Due Process Clause of the 5th Amendment of the United Sates Constitution. [Sic.]

{¶16} [6.] The trial court Abused Its Discretion when it denied Defendant-Appelalnt Due Process of Law under the 5th and 14th Amendments of the United States Constitution in assuming jurisdiction over the Robbery & Kidnapping complaints which were not properly executed in violation of Crim.R. 3. [Sic.]

{¶17} [7.][The] [t]rial court abused its discretion & erred to the prejudice of Defendant-Appellant by failing to merger Kidnapping with Robbery as allied offenses and sending allied offenses to jury after acquittal of first trial, violated the Doctrine of Collateral Estoppel & 5th, 6th Amendment Constitutional Right to a fair trial & Due Process Clause under the 14th Amendment of the United States Constitution. [Sic.]

{¶18} [8.] Ineffective Assistance of trial Counsel for filing a Relief From Prejudicial Joinder in having trials separated under one indictment. In violation of the 6th Amendment. Trial counsel Virginia Miller Committed Ineffective Assistance of Counsel

5

for failing to object to curative instruction. Trial counsel Virginia Miller committed ineffective assistance of counsel in failing to support argument on Speedy Trial violation & Crim.R. 3 violation with U.S. & Ohio Constitution violation. Relying entirely on Ohio Precedent. Ineffective assistance of trial counsel Virginia Miller allowed an inexperienced attorney who was only to assist as co-counsel to become lead counsel at Defendant's second trial. In violation of Defendant's 6th Amendment Presumptive right to counsel of his choosing. [Sic.]"

{¶19} Appellant's first, second, third, sixth, seventh, and eighth potential assignments of error either have been addressed in his application for reopening, or could have been addressed on direct appeal. Pursuant to *Fischer*, *supra*, they are therefore barred by res judicata. In his fourth and fifth potential assignments of error, however, appellant purports to challenge the subject matter jurisdiction of the trial court. A court's power to hear a case, i.e., its subject matter jurisdiction, cannot be waived or forfeited and may be raised at any time. *See e.g., State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶10.

{¶20} In appellant's fourth potential assignment of error, he asserts the trial court lacked subject-matter jurisdiction due to an improper bindover procedure. Whether a bindover proceeding was proper is a matter that must be raised on direct appeal or it is barred by res judicata. *State v. Callahan*, 7th Dist. Mahoning No. 12 MA 173, 2013-Ohio-5864, ¶10. And, in any event, appellant was indicted on various felony counts by the Ashtabula County Grand Jury. The indictment properly invoked the trial court's subject-matter jurisdiction on the indicted crimes. *Gotel v. Gansheimer*, 11th Dist.

6

Ashtabula No. 2006-A-0087, 2007-Ohio-2311, ¶8. We discern no jurisdictional error and thus the fourth potential error lacks merit.

{¶21} Appellant's fifth potential assignment of error asserts the trial court lacked subject-matter jurisdiction over the case to the extent the underlying indictment was not submitted to the jury and the state allegedly changed the charging instrument through a constructive amendment during the trial. Preliminarily, as just indicated, the properly filed indictment was sufficient to invoke the trial court's jurisdiction. *Gotel*, *supra.* Further, the record does not support the allegation that state constructively amended the indictment at trial. Appellant was indicted by the grand jury and was ultimately convicted on crimes that were included in the indictment returned by the grand jury. Regardless, this alleged issue was apparent at the time of trial and could have been raised on direct appeal. It is therefore res judicata. This potential error lacks merit.

{¶22} With these points in mind, the trial court, on remand, properly imposed the three years post-release control at the sentencing hearing and entered the same order in its judgment. After an independent review of the record, we perceive no errors and conclude the instant appeal is wholly frivolous. The judgment of the Ashtabula County Court of Common Pleas is affirmed and counsel's motion to withdraw is granted.

TIMOTHY P. CANNON, J.,

DIANE V. GRENDELL, J.,

concur.

7