[Cite as *Billiter v. Banks*, 2012-Ohio-4556.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| FRED BILLITER | ) | CASE NO. 12 NO 394 |
| | ) | |
| PETITIONER | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| EDWARD BANKS, WARDEN | ) | |
| NOBLE CORRECTIONAL | ) | |
| INSTITUTION | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:      Petition for Writ of Habeas Corpus

JUDGMENT:      Dismissed.

APPEARANCES:

For Petitioner:

Fred Billiter, Pro se
#383-177
Noble Correctional Institution
15708 McConnellsville Road
Caldwell, Ohio  43724

For Respondent:

Atty. Mike DeWine
Attorney General of Ohio
Atty. Jerri L. Fosnaught
Senior Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio  43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  September 28, 2012

PER CURIAM.

{¶1} Petitioner, Fred Billiter, ("Petitioner") is a prisoner at the Noble Correctional Institution and has filed a petition for writ of habeas corpus . Petitioner is currently in the custody of Respondent Ed Banks ("Respondent"), warden of the prison. In 1999, under Tuscarawas County Court of Common Please Case No. 1999-CR-080159, Petitioner pleaded guilty to two counts of rape, one count of pandering obscenity involving a minor, and one count of gross sexual imposition. He was sentenced to ten years in prison on each rape count, eight years for pandering, and three years for gross sexual imposition, to be served consecutively for an aggregate prison term of thirty-one years. Petitioner argues that his convictions for rape and gross sexual imposition were allied offenses, and that gross sexual imposition is a lesser included offense of rape. He believes that the maximum prison term that could have been imposed was thirteen years. Petitioner contends that he has served those thirteen years and should be released.

{¶2} Respondent requests that we dismiss the petition because claims of allied offenses are not cognizable in habeas proceedings and because the issues raised are res judicata. Respondent is correct in his arguments, and the petition is dismissed.

{¶3} Petitioner was sentenced on November 3, 1999. Although he did not file a timely direct appeal of his conviction and sentence, over the past 13 years he has filed a variety of other actions related to his conviction and sentence. In 2006, he filed a petition for writ of habeas corpus and/or mandamus in the Fifth District Court of Appeals, Tuscarawas County, Ohio. He claimed that his indictment was invalid

and that his sentence was unconstitutional.  The court dismissed the petition, holding that he had an adequate remedy by way of direct appeal to raise his claims and that his alleged sentencing error was not cognizable in habeas.  *Billiter v. Hudson*, 5th Dist. No. 06AP110062 (Dec. 11, 2006).

**{¶4}**  R.C. 2725.01 provides:  "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."   The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or post-conviction relief.  *In re Pianowski*, 7th Dist. No. 03MA16, 2003-Ohio-3881, ¶3, citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 635 N.E.2d 26 (1994).  "Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction has an adequate remedy at law by appeal."  *Smith v. Bradshaw*, 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶10.  If a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed.  *Tucker v. Collins*, 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992).  The burden is on the petitioner to establish a right to release.  *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963).  "Like other extraordinary-writ actions, habeas corpus is not available when there is an

adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶6.

{¶5} Respondent has filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. The purpose of such a motion is to test the sufficiency of the complaint. *State el rel. Boggs v. Springfield Local School Dist. Bd. of Ed.*, 72 Ohio St.3d 94, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994); *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶10. If the petition does not meet the requirements of a properly filed petition for writ of habeas corpus, or fails to state a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State*, 7th Dist. No. 04 BE 51, 2005-Ohio-2382, ¶5.

{¶6} Sentencing errors based on a theory that allied offenses were not considered by the trial court are nonjurisdictional errors and are not cognizable in an extraordinary-writ action. *See Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶10.

{¶7} In addition, Petitioner previously filed a petition for habeas corpus with the Fifth District Court of Appeals, and that petition was denied on the merits. Petitioner challenged the validity of the indictment and the validity of his sentence in his petition. The doctrine of res judicata has been consistently applied to habeas

filings, and dismissal is warranted if the petitioner has filed previous petitions in which the alleged error was or could have been raised. *Wooton v. Brunsman*, 112 Ohio St.3d 153, 2006-Ohio-6524, 858 N.E.2d 413, ¶6; *Hudlin v. Alexander*, 63 Ohio St.3d 153, 155-156, 586 N.E.2d (1992). The sentencing error alleged by Petitioner could have been raised in his prior habeas filing. Petitioner's arguments regarding allied offenses and lesser included offenses also could have been raised on direct appeal but were not. Where the petitioner had adequate legal remedies, such as direct appeal, the habeas petition must be dismissed. *Thomas v. Eberlin*, 7th Dist. No. 08 BE 14, 2008-Ohio-4663.

**{¶8}** For all the aforementioned reasons, we dismiss the petition for habeas corpus.

**{¶9}** Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, P.J., concurs.

Vukovich, J., concurs.

DeGenaro, J., concurs.