BILLITER, APPELLANT, *v.* BANKS, WARDEN, APPELLEE.

[Cite as *Billiter v. Banks,* 135 Ohio St.3d 426, 2013-Ohio-1719.]

*Court of appeals' judgment dismissing petition for writ of habeas corpus affirmed.*

(No. 2012-1882—March 12, 2013—Decided April 30, 2013.)

APPEAL from the Court of Appeals for Noble County, No. 12 NO 394, 2012-Ohio-4556.

_____

**Per Curiam.**

{¶ 1} Appellant, Fred Billiter, filed a petition for a writ of habeas corpus in the Seventh District Court of Appeals, and the court dismissed the petition, holding that Billiter had an adequate remedy in the ordinary course of law and that the petition was barred by res judicata. Billiter appealed, and we now affirm.

**Background**

{¶ 2} In 1999, Billiter was indicted on 29 counts of rape, three counts of gross sexual imposition, and two counts of pandering obscenity involving a minor. The charges related to Billiter's raping his young daughter and videotaping the crime. Pursuant to a plea agreement, the state amended the indictment to dismiss all counts except two counts of rape of a child under 13, one count of gross sexual imposition on a child under 13, and one count of pandering. Additionally, use-of-force language was deleted from the rape counts.

{¶ 3} In accordance with the agreement, Billiter pleaded guilty to the counts of the amended indictment, and the judge sentenced Billiter to ten years' imprisonment for each of the rape counts, eight years for the pandering count, and three years for the gross-sexual-imposition count, with the terms of imprisonment to be served consecutively. Thus, Billiter was sentenced to 31 years, without the

possibility of parole. As part of the plea agreement, Billiter waived the right to appeal from the sentences imposed and from the decision that the sentences were to be served consecutively.

**Previous Habeas Petition**

{¶ 4} On November 7, 2006, Billiter filed a petition for habeas corpus in the Fifth Appellate District. The petition sought issuance of the writ based on the assertion that he had been sentenced for "crimes other than, and legally distinct from, those crimes for which [he] was afforded notice by indictment, and to those elemental facts [he] had admitted guilt in open court in the manner prescribed by law and required by due process."

{¶ 5} On December 11, 2006, the Fifth District dismissed the petition on three grounds: (1) Billiter had an adequate remedy in the ordinary course of law in the form of an appeal from the original judgment, (2) sentencing errors such as those asserted by Billiter are not jurisdictional and therefore not cognizable as grounds for habeas relief, and (3) Billiter had filed the habeas petition in the wrong judicial district. *State ex rel. Billiter v. Hudson*, 5th Dist. No. 06AP110062 (Dec. 11, 2006).

{¶ 6} In addition to that earlier habeas petition, Billiter also sought relief in the ordinary course of law. *See State v. Billiter*, 5th Dist. No. 09AP100055, 2009-Ohio-6788, 2009 WL 4950008 (Dec. 22, 2009) (affirming the trial court's judgment rejecting as untimely Billiter's motion for relief from judgment, which was predicated on the alleged illegality of the search of Billiter's home).

**The Habeas Petition in this Case**

{¶ 7} On May 2, 2012, Billiter filed the habeas petition at issue here. In it, Billiter identified two "arguments presented for review": (1) an alleged plain error by the common pleas judge in sentencing him for allied offenses of similar import and (2) an alleged plain error in sentencing him for gross sexual imposition, which, Billiter asserted, is a lesser included offense of rape. As noted

previously herein, the court of appeals dismissed on the primary ground that Billiter's complaint demonstrates that he had an adequate remedy in the ordinary course of law by way of appeal. *State ex rel. Billiter v. Banks*, 7th Dist. No. 12 NO 394, 2012-Ohio-4556, ¶ 4-5. The appellate court additionally noted that dismissal was warranted on res judicata grounds because the claims raised in the current habeas petition ought to have been raised in Billiter's first habeas petition. *Id.* at ¶ 7. Billiter has appealed as of right from the dismissal order.

## Disposition

**{¶ 8}** "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6, citing *State ex rel. Fortson v. Kelly*, 102 Ohio St.3d 77, 2004-Ohio-1799, 806 N.E.2d 556, ¶ 7. Here, the court of appeals correctly determined that Billiter's remedy for the alleged sentencing errors, which related to allied offenses or lesser included offenses, lay in an appeal in the criminal case itself. Moreover, that appeal constituted an adequate remedy that now bars Billiter's habeas petition.

**{¶ 9}** Billiter's waiver of his right to appeal does not alter this analysis. Billiter was represented by counsel in the criminal case and made a decision to plead guilty and waive his appeal in 1999, and that decision remains binding upon him today. *See Jackson v. Wilson*, 100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086, ¶ 9 ("even if these other remedies are no longer available to [the habeas petitioner], he is not thereby entitled to an extraordinary writ"), citing *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 579, 757 N.E.2d 357 (2001) ("the fact that either or both of these alternative remedies may no longer be available because of [relator's] failure to timely pursue them does not render them inadequate").

**{¶ 10}** It is true that there is a narrow exception to the adequate-remedy-at-law element required for habeas relief from a conviction or sentence: the situation in which the trial court patently and unambiguously lacked jurisdiction. *See Smith v. Bradshaw*, 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶ 10. But as the court of appeals correctly pointed out, Billiter's claims of sentencing error are not jurisdictional. *See State ex rel. Massie v. Rogers*, 77 Ohio St.3d 449, 449-450, 674 N.E.2d 1383 (1997); *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10. And in any event, errors of that type would not *patently and unambiguously* deprive the Tuscarawas County Common Pleas Court of jurisdiction to convict and sentence Billiter.

**{¶ 11}** As an additional ground for dismissal, the appellate court held that res judicata barred Billiter's petition because he had "previously filed a petition for habeas corpus with the Fifth District Court of Appeals, and that petition was denied on the merits." 2012-Ohio-4556, ¶ 7. As discussed previously herein, it is true that the Fifth District previously denied a habeas petition that Billiter filed relating to the same conviction and sentence. *State ex rel. Billiter v. Hudson*, 5th Dist. No. 06AP110062 (Dec. 11, 2006). But Billiter had filed the petition in the wrong judicial district, so that court did not have jurisdiction over the matter. R.C. 2725.03 (when habeas petitioner is an inmate of a correctional institution, "no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for [the inmate's] production or discharge"). Given that the Fifth District did not have jurisdiction to determine the issues in the habeas case on their merits, the dismissal in that case was not res judicata to Billiter's current petition. *See State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 38, quoting *State ex rel. Rose v. Ohio Dept. of Rehab. & Corr.*, 91 Ohio St.3d 453, 455, 746 N.E.2d 1103 (2001) ("Res judicata 'presupposes a judgment entered by a court of competent jurisdiction' "); *see also State ex rel. Arcadia*

*Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170, ¶ 14 ("dismissals on jurisdictional grounds * * * raise a presumption of no prejudice to reasserting the same claim through a second complaint"), citing Civ.R. 41(B). Although it does not affect the outcome of this case, which is dismissal, we conclude that the Seventh District erred in finding Billiter's petition barred by res judicata.

{¶ 12} The court of appeals acted properly when it concluded that Billiter had an adequate remedy at law, refused to reach the merits, and dismissed the petition for failure to state a claim for habeas relief.

### Conclusion

{¶ 13} For the foregoing reasons, the Seventh District Court of Appeals properly dismissed Billiter's petition for habeas corpus. We therefore affirm its judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Fred Billiter, pro se.

Michael DeWine, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____