**[Cite as *State ex rel. Steele v. Robinson*, 2013-Ohio-3541.]**

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE EX REL. CHARLES M. STEELE, | : | |
| Petitioner-Appellant, | : | |
| | | Case No. 12CA3359 |
| vs. | : | |
| | | <u>DECISION AND</u> |
| NORMAN ROBINSON, WARDEN, | : | <u>JUDGMENT ENTRY</u> |
| Respondent-Appellee. | : | RELEASED 08/09/2013 |

<u>APPEARANCES:</u>

Charles M. Steele, Chillicothe, Ohio, Appellant, pro se.

Michael DeWine, Ohio Attorney General, and Thelma Thomas Price, Assistant Attorney General, Columbus, Ohio, for Appellee.

Hoover, J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment that dismissed a petition for habeas corpus filed by Charles M. Steele, petitioner below and appellant herein. In dismissing the petition, the common pleas court held that Steele had an adequate remedy in the ordinary course of law and that he was not being held unlawfully beyond the maximum term of his prison sentence. Steele assigns the following error for review:

> THE TRIAL COURT ABUSES IT'S DISCRETION WHEN IT FAILS TO
> ADDRESS PETITIONER'S REQUEST FOR HABEAS CORPUS RELIEF
> WHERE THE CASE LAW SPECIFICALLY STATES THAT THE RELIEF IS
> AVAILABLE[.]

{¶ 2} In 2002, Steele was convicted of one count of kidnapping and one count of rape in the Hamilton County Common Pleas Court. Steele was sentenced to 10 to 25 years on the

kidnapping conviction with an additional 3-year firearm specification and to 10 to 25 years for the rape conviction with an additional 3-year firearm specification. The sentences on the kidnapping and rape charges were to be served consecutively to one another but the firearm specifications were to be served concurrently to each other. Thus, the aggregate term of Steele's sentence was 23 to 50 years incarceration.

{¶ 3} Steele appealed his 2002 convictions in *State v. Steele*, 155 Ohio App.3d 659, 2003-Ohio-7103, 802 N.E.2d 1127 (1st Dist.), but the First District Court of Appeals affirmed the trial court's judgment. Steele did not challenge the sentences on his appeal.

{¶ 4} In 2011, Steele filed a motion to vacate his conviction and sentence with the Hamilton County Common Pleas Court, apparently arguing that the judgment was void. The Hamilton County Common Pleas Court denied the motion. Thereafter, Steele sought leave to file a delayed appeal with the First District Court of Appeals on the trial court's denial of his request to vacate his sentence. The First District Court of Appeals denied his request for leave to file a delayed appeal.

{¶ 5} Steele is currently incarcerated at the Chillicothe Correctional Institution (CCI). In 2012, Steele filed a petition for writ of habeas corpus with the Supreme Court of Ohio. The Supreme Court of Ohio, sua sponte dismissed Steele's petition without opinion. Steele then filed his petition for writ of habeas corpus in the current case. Norman Robinson, CCI Warden and respondent below and appellee herein, moved to dismiss the petition. The Ross County Common Pleas Court granted Robinson's motion to dismiss by judgment entry dated December 13, 2012.

{¶ 6}  On appeal, Steele contends that his 2002 conviction and sentence is contrary to law and is void, because the Hamilton County Common Pleas Court failed to merge his convictions for kidnapping and rape as required by R.C. 2941.25[1] and the Double Jeopardy Clause of the United States Constitution.  Steele further contends that the 2002 sentences should have been ordered to run concurrently with his sentence in a prior case.  As noted previously herein, the common pleas court dismissed the petition on the primary ground that Steele had an adequate remedy in the ordinary course of law by way of direct appeal.

{¶ 7}  "As a general proposition of law, the extraordinary writ of habeas corpus is the proper vehicle by which to seek release from prison."  *Arnett v. Sheets*, 4th Dist. Ross No. 10CA3156, 2010-Ohio-3985, ¶ 6; *see also State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 5; *State ex rel. Akbar-El v. Cuyahoga Cty. Court of Common Pleas*, 94 Ohio St.3d 210, 210-211, 761 N.E.2d 624 (2002); *State ex rel. Key v. Spicer*, 91 Ohio St.3d 469, 470, 746 N.E.2d 1119 (2001).  "However, as with any other extraordinary writ, appellant is only entitled to habeas corpus if he can show, inter alia, he has no 'adequate remedy at law.' "  *Arnett* at ¶ 6, quoting *Agee v. Russell*, 92 Ohio St.3d 540, 544, 751 N.E.2d 1043 (2001); *see also Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 383, 667 N.E.2d 1194 (1996) ("In addition, habeas corpus, like other extraordinary writ actions, is not available where there is an adequate remedy at law.").

{¶ 8} The Supreme Court of Ohio has held that the proper remedy for alleged sentencing errors, including errors related to allied offenses, is by appeal in the criminal case itself.  *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8.  Moreover, the Supreme

---

[1] R.C. 2941.25(A) states: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

Court of Ohio held that the "appeal constituted an adequate remedy that now bars [petitioner's] habeas petition." *Id*. The fact that a direct appeal may no longer be available to Steele does not render the legal remedy inadequate or thereby entitle Steele to the extraordinary writ of habeas corpus. *See Jackson v. Wilson*, 100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086, ¶ 9 ("even if these other remedies are no longer available to [the habeas petitioner], he is not thereby entitled to an extraordinary writ"); *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 579, 757 N.E.2d 357 (2001) ("the fact that either or both of these alternative remedies may no longer be available because of [relator's] failure to timely pursue them does not render them inadequate").

{¶ 9} "It is true that there is a narrow exception to the adequate-remedy-at-law element required for habeas relief from a conviction or sentence: the situation in which the trial court patently and unambiguously lacked jurisdiction." *Billliter* at ¶ 10, citing *Smith v. Bradshaw*, 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶ 10. But, and despite Steele's arguments to the contrary, claims of sentencing error are not jurisdictional. *Id*., citing *State ex rel Massie v. Rogers*, 77 Ohio St.3d 449, 449-450, 674 N.E.2d 1383 (1997); *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10. *See also Mosley v. Echols*, 62 Ohio St.3d 75, 578 N.E.2d 454 (1991) (allied-offense claims are non-jurisdictional and are not cognizable in habeas corpus); *Payne v. McAninch*, 4th Dist. Ross No. 95CA2157, 1996 WL 275081, *2 (May 17, 1996) (holding that failure of the sentencing court to apply allied offenses statute does not deprive the court of jurisdiction so as to allow the issuance of a writ of habeas corpus).

{¶ 10} Based on the foregoing, the common pleas court correctly concluded that Steele had an adequate remedy at law in the form of a direct appeal from the original judgment; therefore, he is not entitled to habeas corpus. Further, alleged sentencing errors such as those

asserted by Steele are not jurisdictional, and thus, are not cognizable grounds for habeas relief.

Accordingly, appellant's sole assignment of error is overruled and the trial court's judgment is

affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court

By:_____
       Marie Hoover, Judge


**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.