[Cite as *Robinson v. LaRose*, 2013-Ohio-4316.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| JACKIE ROBINSON, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2013-T-0073** |
| CHRISTOPHER LaROSE, WARDEN, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed

*Jackie Robinson,* pro se, PID: 554-458, Trumbull Correctional Institution, P.O. Box 901, 5701 Burnett Road, Leavittsburg, OH 44430 (Petitioner).

*Mike DeWine,* Ohio Attorney General, State Office Tower, 30 East Broad Street, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} This matter is before the court pursuant to the petition for a writ of habeas corpus filed by Petitioner, Jackie Robinson, against Respondent, Christopher LaRose, Warden of the Trumbull Correctional Institution. Appellant argues he is entitled to a writ of habeas corpus ordering his immediate release from prison because, he claims, he has already served his entire prison sentence. For the reasons that follow, the petition is dismissed.

{¶2} A writ of habeas corpus is the proper remedy for a state prisoner to pursue when he believes that his present incarceration is not lawful. *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, ¶5. A writ of habeas corpus can only be granted if the petitioner can establish one of two circumstances, i.e., (1) that the sentencing court in his underlying criminal proceeding lacked jurisdiction to convict him, or (2) that he is still being held in prison, although he has already served his entire sentence. *State ex rel. Vinson v. Gansheimer*, 11th Dist. Ashtabula No. 2007-A-0042, 2007-Ohio-5205, ¶6. "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, ¶6. A viable claim for a writ of habeas corpus cannot be predicated on an allegation of the trial court's commission of a non-jurisdictional error since such error can be adequately reviewed in a direct appeal. *Tillis v. Gansheimer*, 11th Dist. Ashtabula No. 2002-A-0099, 2003-Ohio-1097, ¶10.

{¶3} Further, a court may sua sponte dismiss a petition for an extraordinary writ for failure to state a claim on which relief can be granted if the petition is frivolous or the claimant obviously cannot prevail on the facts alleged in the petition. *Hill v. Kelly*, 11th Dist. Trumbull No. 2011-T-0094, 2011-Ohio-6341, ¶4.

{¶4} Petitioner argues he is entitled to a writ of habeas corpus because, inter alia: (1) he was sentenced on allied offenses; (2) the grand jury proceedings were flawed because the jurors were not "legally qualified;" (3) he was denied counsel in a prior case that was used to enhance his sentence; (4) he was denied the effective assistance of counsel; (5) his Miranda rights were violated; and (6) he was the victim of

2

prosecutorial misconduct and "significant Judicial error." However, because petitioner failed to raise any of these issues in the trial court or on direct appeal, each is waived or barred by res judicata. *State ex rel. Handwork v. Goodrich*, 11th Dist. Ashtabula No. 2012-A-0018, 2012-Ohio-2835, ¶14. Moreover, none of these alleged errors affects the jurisdiction of the trial court to convict petitioner. The Supreme Court of Ohio recently held in *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, that alleged sentencing errors relating to, e.g., allied offenses, would not deprive the common pleas court of jurisdiction to convict a defendant. *Id.* at ¶10. The Court in *Billiter* further held that the proper remedy for such alleged errors is a direct appeal and that appeal constitutes an adequate remedy at law, which bars habeas-corpus relief. *Id.* at ¶8. As a result, none of these issues warrants such relief.

{¶5} Petitioner also argues he is entitled to a writ of habeas corpus because he has finished serving his entire sentence in a case in which he was convicted in Summit County in 1979.

{¶6} Petitioner is presently an inmate in the Trumbull Correctional Institution, having previously been convicted in four separate cases in the Summit County Court of Common Pleas. In the first of these cases, he was found guilty of burglary in 1976 and was sentenced to two to 15 years in prison.

{¶7} After being released on parole for his first conviction, petitioner was indicted on multiple felony charges in 1979 in his second criminal case. This is the case that serves as the basis of petitioner's instant habeas petition. In that case, petitioner was found guilty by a jury of aggravated robbery of a grocery store clerk at gunpoint, having a weapon while under a disability, and carrying a concealed weapon. Petitioner

3

was sentenced to respective prison terms for these offenses of seven to 25 years, one to five years, and one to 10 years, each to be served consecutively to the other. Thus, petitioner's maximum prison term under this sentence was 40 years.

{¶8} Petitioner appealed his 1979 conviction to the Ninth Appellate District. His only assignment of error challenged his in-court identification as based on an alleged unnecessarily suggestive pre-trial identification. In *State v. Robinson*, 9th Dist. Summit No. 9278, 1979 Ohio App. LEXIS 10727 (Sep. 26, 1979) ("*Robinson I*"), the Ninth District affirmed petitioner's conviction. Thirty-three years later, in 2012, petitioner filed in the trial court a motion to vacate his 1979 sentence. On February 9, 2012, the trial court denied the motion. On March 26, 2012, petitioner filed an appeal of the trial court's ruling to the Ninth District in Case No. 26359. The Ninth District dismissed the appeal as untimely by judgment entry on July 3, 2012. Nearly one year later, on April 1, 2013, petitioner filed a notice of appeal from the Ninth District's judgment and a motion for a delayed appeal in the Supreme Court of Ohio. The Supreme Court denied his motion on May 22, 2013 in Case No. 2013-0520. As a result, on July 10, 2013, petitioner filed the instant action for a writ of habeas corpus.

{¶9} After serving 19 years in prison on the foregoing sentences, petitioner was again released on parole. Within one year after his release, in 1999, he was again tried on criminal charges in his third case in Summit County and was found guilty of carrying a concealed weapon and having a weapon while under a disability. He was sentenced to two terms of 17 months and four years on the respective counts, the two terms to be served concurrently to each other.

4

{¶10} In 2005, after petitioner was again released on parole, he was convicted for the fourth time in Summit County. In that case, he was found guilty of two felonies, theft and passing bad checks. The trial court sentenced him to 12 months on each charge, the two terms to be served consecutively to each other.

{¶11} In 2007, while confined to the Ashtabula Correctional Institution, petitioner filed a petition for a writ of habeas corpus in this court against the warden. Petitioner argued he was entitled to be released because he had allegedly "served each of the maximum sentences under all of his convictions" in Summit County. The warden filed a motion for summary judgment. The warden attached copies of petitioner's four sentencing entries and argued he was entitled to summary judgment because the attached judgments showed that petitioner had not completed the full length of the maximum terms which were imposed under his convictions. In *Robinson v. Gansheimer*, 11th Dist. Ashtabula No. 2007-A-0035, 2007-Ohio-3845 ("*Robinson II*"), this court granted the warden summary judgment and denied the writ, holding:

{¶12} In the instant matter, petitioner has not contested the jurisdiction of any of the four Summit County trial courts to order his imprisonment based on the underlying criminal convictions. Rather, he has merely asserted that he has served all of the terms imposed by those courts. However, our review of the final judgment in the second trial proceeding, Summit C.P. No. CR-79-3-319 [the 1979 criminal case at issue here], readily indicates that the trial court imposed three indefinite sentences for the three charges. That judgment further shows that the maximum terms petitioner received

5

for the respective crimes was twenty-five years, five years, and ten years, and that the three terms were to be served consecutively. As a result, the maximum sentence he could be required to serve under his second conviction was forty years.

{¶13} Since petitioner's conviction in the second Summit County case occurred in 1979, it follows that his maximum sentence in that matter will not be completed until 2019. Thus, regardless of the sentences imposed in the other three actions, petitioner is not entitled to be released on the grounds that he has served his entire sentence. To this extent, the evidentiary materials before us support the legal conclusion that a writ of habeas corpus is not warranted in this instance. *Id.* at ¶10-11.

{¶14} This court in *Robinson II* thus held: "[S]ince the uncontested evidentiary materials established that petitioner would not complete his maximum sentence until 2019, he was not entitled to be released from prison as a matter of law." *Id.* at ¶14. Petitioner did not appeal this ruling to the Supreme Court of Ohio, and he is now precluded by res judicata from re-litigating this issue in this matter.

{¶15} Res judicata encompasses two related concepts: (1) claim preclusion, also known as res judicata proper, and (2) issue preclusion, also known as collateral estoppel. *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, ¶6. "Claim preclusion [res judicata] prevents subsequent actions, by the same parties * * *, based upon any claim arising out of a transaction that was the subject matter of a previous action. * * * Where a claim could have been litigated in the previous suit, [res

judicata] bars subsequent actions on that matter." *Id.* On the other hand, collateral estoppel applies when the issue now raised by the defendant (1) was actually litigated in a prior action, (2) by a court of competent jurisdiction, (3) when the party against whom collateral estoppel is asserted was a party in the prior action. *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994). Collateral estoppel applies even if the causes of action differ. *O'Nesti, supra*, at ¶7. Further, collateral estoppel applies in criminal cases. *See State v. Lovejoy*, 79 Ohio St.3d 440, 443 (1997).

**{¶16}** In addition, the Supreme Court of Ohio in *Billiter, supra*, recently held that res judicata bars an inmate's habeas petition where he previously filed a habeas petition relating to the same conviction that was denied on the merits by a court of competent jurisdiction. *Id.* at ¶11.

**{¶17}** As a result, petitioner obviously cannot prevail because this court has previously held in *Robinson II* that petitioner's maximum sentence will not be complete until 2019. As a result, he is collaterally estopped from arguing again that he has already completed his sentence. Moreover, this action is also barred by res judicata proper because petitioner previously filed a habeas petition concerning the same conviction that was denied on the merits by a court of competent jurisdiction. *Billiter, supra.*

**{¶18}** Accordingly, we sua sponte dismiss the petition for a writ of habeas corpus.


CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.

7