[Cite as *Powell v. Miller*, 2014-Ohio-778.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| REGINALD V. POWELL, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | CASE NO.13-BE-25 |
| V. | ) | |
| | ) | OPINION |
| MICHELLE MILLER, WARDEN BECI | ) | AND |
| | ) | JUDGEMENT ENTRY |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:    Petition for Writ of Habeas Corpus

JUDGMENT:    Dismissed

APPEARANCES:
For Petitioner    Reginald V. Powell, Pro-se
P.O. Box 540
St. Clairsville, Ohio 43950


For Respondent    Jerri L. Fosnaught
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215




JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro


Dated: February 27, 2014

PER CURIAM

{¶1} Petitioner Reginald Powell has filed a pro se petition for writ of habeas corpus claiming he was entitled to more jail-time credit than he was given. Respondent Michele Miller, Warden of the Belmont Correctional Institution in St. Clairsville, Ohio has answered by filing a motion to dismiss.

{¶2} Two pertinent attachments to Powell's petition are copies of journal entries from the Cuyahoga County Common Pleas Court. The first one reflects that on February 17, 2009, Powell appeared in court for sentencing in case no. CR-08-514348-A. Having been indicted in a five-count indictment, Powell had earlier pleaded guilty to one count of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony, and the remaining counts had been dismissed. Having pleaded guilty to a third-degree felony, Powell was facing a possible term of imprisonment of one, two, three, four, or five years. R.C. 2929.14(A)(3).

{¶3} Rather than prison, the trial court sentenced Powell to a twelve-month term of community control sanctions with Powell to be supervised by the intensive special probation supervision unit. The court ordered that Powell participate in a six-month electronic home monitoring program and complete the longest out-patient treatment program available with intensive supervised probation following completion of that treatment program. The sentencing entry cautioned Powell that he could be sentenced to a term of imprisonment of five years if he violated any of the terms or conditions of the community control sanction.

{¶4} Another journal entry attached to Powell's petition reflects that on March 5, 2012, Powell again appeared in Cuyahoga Common Pleas Court for a violation of the community control sanctions. In the case caption of the entry, it is apparent that the type-written case number was whited out and that case no. CR-12-558742 was handwritten in. However, the remainder of the unadulterated entry clearly reflects that the entry is for case no. CR-08-514348-A, as the entry itself references a case no. CR 558742 by indicating that Powell's sentence for the violation of the community control sanctions is to run concurrent with case no. CR 558742. More specifically, the trial court sentenced Powell to a twenty-four month term of imprisonment with a jail-time credit of forty-four days and to run concurrently

with case no. CR 558742.

**{¶5}** In his petition, Powell claims he had completed 180 days in a halfway house and another 120 days in a "Fresh Start" program for which the trial court did not give him jail-time credit when it sentenced him to the 24-month term of imprisonment. Powell claims he has filed three separate motions for jail-time credit and the trial court has not ruled on the motions.

**{¶6}** Powell's petition must be dismissed. Habeas corpus is unavailable when there is an adequate remedy in the ordinary course of law. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8. Powell had an adequate remedy by appeal to raise any error by the trial court in calculating his jail-time credit. *Hughley v. Saunders*, 123 Ohio St.3d 446, 2009-Ohio-5585, 917 N.E.2d 270, ¶ 1.

**{¶7}** To the extent that Powell's petition is directed to the trial court's alleged failure to adjudicate his motions for jail-time credit, "procedendo – not habeas corpus – is the appropriate writ when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *Bozsik v. Hudson*, 110 Ohio St.3d 245, 246, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 11.

**{¶8}** For the foregoing reasons, the warden's motion to dismiss is granted and Powell's petition for writ of habeas corpus is hereby dismissed.

**{¶9}** Costs taxed against Powell. Final order. Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.

Donofrio, J. concurs.
Vukovich, J. concurs.
DeGenaro, P.J. concurs.