[Cite as *Smith v. May*, 2019-Ohio-4846.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | | JUDGES: |
| DARRYL SMITH | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Petitioner | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2019CA0090 |
| HAROLD MAY, WARDEN | : | |
| | : | |
| Respondent | : | OPINION |

CHARACTER OF PROCEEDING:        Writ of Habeas Corpus

JUDGMENT:        Dismissed

DATE OF JUDGMENT ENTRY:        November 25, 2019

APPEARANCES:

For - Petitioner                             For - Respondent

DARRYL  SMITH PRO SE                  DAVE YOST
DRC #760166                              Attorney General
Richland Correctional Institution       By: Daniel J. Benoit
Box 8107                                 Assistant Attorney General
1001 Olivesburg Road                    Criminal Justice Section
Mansfield, OH  44901                    150 East Gay Street, 16th Floor
                                         Columbus, OH 43215-6001

*Gwin, P.J.*

{¶1}   On October 3, 2019, Darryl Smith filed a petition for writ of habeas corpus requesting the following relief: (1) immediate release from imprisonment; (2) purge and expungement of his convictions referenced in the writ; (3) an order requiring the state of Ohio and Cuyahoga County government to pay him damages for unlawful imprisonment, unlawful seizure, and destruction of his truck and the contents contained therein; (4) order requiring a prompt hearing and evidentiary hearing; and (5) order granting prompt temporary bond or release pending final judgment.

{¶2}   The Ohio Attorney General, on behalf of Respondent, Warden Harold May, moved to dismiss Mr. Smith's petition under Civ.R. 12(B)(6). The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶10. If a petition does not satisfy the requirements for a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the Court. *Flora v. State*, 7th Dist. Belmont No. 04 BE 51, 2005-Ohio-2383, ¶5.

{¶3}   "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, _____ Ohio St.3d _____, 2019-Ohio-4113, ¶6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-

Ohio-4184, 120 N.E.3d 776, ¶10. Habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998), citing *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994). Further, habeas corpus is not available when an adequate remedy at law exists. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶8.

{¶4} Here, Mr. Smith generally alleges the following in support of his habeas corpus petition: the state concealed or falsified evidence; the trial court falsified a sentencing entry; the evidence in support of his conviction for failure to comply is insufficient; his guilty pleas were not voluntarily entered and were the result of threats; and his sentence is the result of retaliation by the trial court after he lodged complaints about the jail guards, jail conditions, and sheriff deputies.

{¶5} Importantly, none of these grounds for the requested habeas relief are based on the fact that Mr. Smith's maximum sentence has expired and that he is being unlawfully held. In fact, on January 10, 2019, the Cuyahoga County Court of Common Pleas sentenced Mr. Smith to eight years and six months in prison for one count of failure to comply and one count of attempted aggravated arson. *See* Petition for Writ of Habeas Corpus, pp. 7-8. Thus, because Mr. Smith's maximum sentence has not expired, he is not entitled to habeas relief.

{¶6} However, this is not the only deficiency with Mr. Smith's Petition for Habeas Corpus. Mr. Smith also did not attach all of his pertinent commitment papers as required by R.C. 2725.04(D). This statute provides: "A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the

efficiency of the remedy; or if the imprisonment or detention is without legal authority, such fact must appear." The Ohio Supreme Court explained in *Bloss v. Rodgers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992):

> [C]ommitment papers are necessary for a complete understanding of the petition. * * * When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of the petitioner's application.

(Citation omitted.)

{¶7} The absence of all pertinent commitment papers "renders the petition fatally defective and subject to dismissal." *Fugett v. Turner*, 140 Ohio St.3d 1, 2014-Ohio-1934, 14 N.E.3d 984, ¶2, citing *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82, 880 N.E.2d 919, ¶4. Here, Mr. Smith attached two sentencing Journal Entries from Case No. CR-17-620144-A. The first Journal Entry, Exhibit 1, found Mr. Smith violated his probation and imposed his original sentence of six years. The second Journal Entry, Exhibit 2, also from Case No. CR-17-620144-A, grants Mr. Smith's request to correct the record. Mr. Smith also attached a Journal Entry, from Case No. CR-18-630341-A, Exhibit 6, that sentenced him for failure to comply with order signal of police officer. However, Mr. Smith did not attach his original sentencing Journal Entry from Case No. CR-17-620144-A. Because Mr. Smith references his original plea and sentencing herein, in Case No. CR-17-620144-A, this Journal Entry was pertinent for our review of his petition. Mr. Smith's failure to

attach this Journal Entry serves as an independent ground to dismiss his Petition for Writ of Habeas Corpus.

{¶8}  For the reasons set forth above, we grant the attorney general's Motion to Dismiss under Civ.R. 12(B)(6).

{¶9}  The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶10}  MOTION GRANTED.

{¶11}  CAUSE DISMISSED.

{¶12}  COSTS TO PETITIONER.

{¶13}  IT IS SO ORDERED.

[Cite as *Smith v. May*, 2019-Ohio-4846.]