**[Cite as *State v. White*, 2021-Ohio-2132.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-56 |
| | : | |
| v. | : | Trial Court Case Nos. 2004-CR-574 |
| | : | 14622 (1969) |
| GREGORY WHITE | : | 1979-CR-262 |
| | : | 1989-CR-86 |
| Defendant-Appellant | : | |
| | : | (Criminal Appeal from |
| | | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of June, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
       Attorney for Plaintiff-Appellee

GREGORY WHITE, #A486-503, P.O. Box 69, London, Ohio 43140
       Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Defendant-appellant Gregory White appeals from a judgment of the Clark County Court of Common Pleas, which overruled his "Motion to Vacate Void Judgments and Sentences" (hereinafter "motion to vacate"). White filed a timely notice of appeal on October 19, 2020.

{¶ 2} In October 1969, White was convicted of armed robbery, a first-degree felony, and the trial court sentenced him to 10 to 25 years in prison (Clark C.P. No. 14622). White was paroled on May 5, 1979. However, on November 7, 1979, White was again convicted of aggravated robbery, also a first-degree felony; the trial court sentenced him to 7 to 25 years in prison, to be served consecutively to the sentence from his 1969 conviction (Clark C.P. No. 1979-CR-262).

{¶ 3} White was paroled again in 1989. While still on parole, White was convicted of one count of aggravated robbery, one count of having weapons while under disability, and a three-year firearm specification, for which he was ordered to serve an aggregate sentence of 19 and one-half years to 25 years in prison (Clark C.P. No. 1989-CR-86). White was paroled once more on December 3, 2003. On December 9, 2004, White was convicted of one count of aggravated robbery and one count of robbery, for which the trial court sentenced him to a definite prison term of ten years (Clark C.P. No. 2004-CR-574).

{¶ 4} According to the Ohio Department of Rehabilitation and Correction (ODRC), White's ten-year prison term from his 2004 conviction expired in June 2014. However, the ODRC lists his indefinite sentence as a minimum of 32 years and a maximum of 75 years in prison.

{¶ 5} In 2005, White filed a motion for post-conviction relief from his conviction in

Case No. 2004-CR-574, which the trial court overruled. We affirmed the judgment of the trial court in an opinion issued on July 21, 2006. *See State v. White*, 2d Dist. Clark No. 2005-CA-60, 2006-Ohio-3762. White appealed our decision to the Ohio Supreme Court, which declined to accept the appeal for review. *See State v. White*, 111 Ohio St.3d 1434, 2006-Ohio-5351, 855 N.E.2d 498.

{¶ 6} At some point during August or September 2020, White filed the motion to vacate that is the subject of this appeal.[1] In his motion to vacate, White argued that, because of various changes in Ohio sentencing laws over the years, his multiple sentences were combined, and his 32-to-75-year sentence was converted to a 15-to-25-year sentence by "legislative amnesty." Therefore, White argues that he is entitled to immediate release from prison. On September 18, 2020, the State filed a motion in opposition to White's motion to vacate. On September 22, 2020, the trial court overruled White's motion to vacate and adopted the State's reasoning in its entirety. (On September 28, 2020, White filed a reply to the State's motion in opposition without seeking leave of the trial court to do so.)

{¶ 7} It is from this judgment that White now appeals.

{¶ 8} Because they are interrelated and for clarity's sake, we will first review White's second assignment of error:

DEFENDANT-APPELLANT'S JUDGMENT IS VOID WHERE HIS

SENTENCES HAVE BEEN SERVED IN FULL.

---

[1] It is unclear from the docket when White filed his motion to vacate. The record does establish that on September 5, 2020, the Clark County Clerk of Courts received a document from White stating that he had filed a "Motion to Vacate Void Judgments and Sentences" with the trial court.

{¶ 9} White contends that the trial court erred when it overruled his motion to vacate because of changes in Ohio sentencing laws; he asserts that his multiple sentences were combined, and his 32-to-75-year sentence was converted to a 15-to-25-year sentence by "legislative amnesty." Thus, White argues that his sentences have been served in full, and he is entitled to immediate release from prison.

{¶ 10} The proper method by which to raise this argument would be for White to file a petition for a writ of habeas corpus. Habeas corpus is available where an individual's maximum sentence has expired and he is being held unlawfully. *Morgan v. Adult Parole Auth.*, 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994). Rather than filing a petition for a writ of habeas corpus, White mistakenly filed his motion to vacate with the trial court under his original criminal case numbers. However, habeas relief falls outside the jurisdiction of the criminal court that originally convicted a defendant. Once a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends. *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 9. Therefore, after the judgment entry of conviction was filed by the trial court on December 17, 2004, in Case No. 2004-CR-574, its jurisdiction ended with respect to White's criminal case. The same rule applied when the judgment entries of conviction were filed with respect to White's previous convictions in Case Nos. 14622 (1969), 1979-CR-262, and 1989-CR-86.

{¶ 11} Furthermore, when a habeas petitioner is an inmate of a correctional institution, "no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for [the inmate's] production or discharge." R.C. 2725.03. The Supreme Court of Ohio has held that, where a petition is filed in the wrong judicial district, the court does "not have

jurisdiction to determine the issues in the habeas case on their merits." *In re Caves v. Kelly*, 2d Dist. Clark No. 2015-CA-18, 2016-Ohio-230, ¶ 5, citing *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 11.

{¶ 12} Accordingly, neither this Court nor the Clark County Court of Common Pleas has jurisdiction to rule on a habeas petition filed by White, because he is currently incarcerated at the London Correctional Institution in Madison County, Ohio. Madison County is located in the Twelfth Appellate District of Ohio. R.C. 2501.01(L). Therefore, even if we were to construe White's motion to vacate as a properly filed petition for a writ of habeas corpus, neither we nor the trial court would have jurisdiction to address the merits of the motion.

{¶ 13} White's second assignment of error is overruled.

{¶ 14} White's first assignment of error is as follows:

THE TRIAL COURT BELOW ERROR [SIC] TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHERE THE COURT FAILED TO GIVE THE APPELLANT THE OPPORTUNITY TO RESPOND [TO] THE APPELLEE'S OPPOSITION MOTION BEFORE RENDERING A DECISION.

{¶ 15} In light of our disposition with respect to White's second assignment, his first assignment of error regarding the failure of the trial court to consider his reply to the State's motion in opposition to his motion to vacate is moot.

{¶ 16} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Ian A. Richardson
Gregory White
Hon. Douglas M. Rastatter