[Cite as *Bell v. McConahay*, 2022-Ohio-675.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| MICHAEL BELL | JUDGES: |
| | Hon. Earle E. Wise, Jr., P.J. |
| Petitioner | Hon. William B. Hoffman, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2022 CA 0005 |
| TIM MCCONAHAY, WARDEN, | |
| MANSFIELD CORRECTIONAL | |
| INSTITUTION | |
| | |
| Respondent | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Writ of Habeas Corpus


JUDGMENT:                                       Dismissed

DATE OF JUDGMENT ENTRY:          March 9, 2022


APPEARANCES:


For Petitioner                                       For Respondent

MICHAEL BELL, Pro se                      STEPHANIE L. WATSON
#A695341                                          Principal Assistant Attorney General
Mansfield Correctional Institution        Criminal Justice Section
P.O. Box 788                                      30 East Broad Street – 23rd Floor
Mansfield, Ohio 44901                        Columbus, Ohio 43215-4966

*Hoffman, J.*

**{¶1}** Petitioner, Michael Bell, petitioned this Court for a Writ of Habeas Corpus to compel Respondent, Tim McConahay, Warden of Mansfield Correctional Institution, to release him from custody. McConahay moved to dismiss the writ and Bell responded in opposition. For the following reasons, we grant McConahay's Motion to Dismiss.

## I. Background

**{¶2}** Bell has been imprisoned since September 4, 2012, and is currently at Mansfield Correctional Institution. He was arrested in Cincinnati, Ohio and accused of the September 4, 2012, shooting death of Marvin Jones. The state charged Bell with murder, a firearm specification and having weapons while under disability. Bell remained in jail for approximately fourteen months unable to post bail. He alleges in his petition the police conducted no paraffin tests to verify he discharged and fired any gun. He also claims he never appeared in court for any pre-trials or any other proceedings. The trial court allegedly ordered a competency exam and thereafter conducted a hearing without Bell being present. Bell further asserts, without his consent, the prosecutor waived his right to appear and defense counsel allegedly agreed to the waiver.

**{¶3}** Bell also claims the state and trial court induced him to sign and enter into a plea deal agreement in order to obtain a guilty plea. The agreement contains language indicating the trial court would issue required findings under R.C. 2929.14 upon imposing any sentence and the trial court could potentially impose sentences consecutively. On October 31, 2013, Bell appeared in court and pled guilty to the reduced charges of involuntary manslaughter, a gun specification and having weapons under disability. Bell claims in doing so, the trial court did not properly comply with Crim.R. 11(C) and did not adequately explain all potential sentencing penalties.

{¶4} Bell also claims the trial court reneged on the plea agreement promises and did not make the necessary findings under R.C. 2929.14. Defense counsel allegedly did not object to these deficiencies on the record. Thereafter, the trial court imposed an actual sentence of 17 years. Bell alleges no attorney would represent him or file an appeal on his behalf. Bell has filed several post-sentencing motions/actions including a Motion for Resentencing, a Post-Conviction Petition and a Motion for Delayed Appeal. All have been unsuccessful.

{¶5} In his habeas corpus petition, Bell sets forth eight grounds upon which he asserts he is entitled to relief, including immediate release from prison.

## II. Analysis

### A. *Habeas corpus relief and Civ.R. 12(B)(6) standard*

{¶6} To be entitled to habeas relief under R.C. 2725.01, a petitioner must show he is being unlawfully restrained of his liberty and is entitled to immediate release from prison or confinement. *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. Generally, habeas relief is only available when the petitioner's maximum sentence has expired and he is being held unlawfully. *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). Finally, habeas corpus is not available when there is or was an adequate remedy in the ordinary course of the law. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8.

{¶7} In response to Bell's petition, McConahay requests dismissal but does not specifically reference Civ.R. 12(B)(6). However, we will address the motion as being made under Civ.R. 12(B)(6). Under this rule, we must presume all of the factual allegations in the petition are true and make all reasonable inferences in favor of the

nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). A petition may only be dismissed when, having viewed the complaint in this way, it appears beyond doubt the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 7.

## B. *Alleged grounds for habeas relief*

{¶8}   We begin by noting that Bell's petition is not subject to dismissal under R.C. 2969.25(A) or 2969.25(C) because Bell complied with these statutory requirements. He filed with his petition a list of civil actions or appeals he has filed within the past five years. He also filed a statement setting forth the balance of his inmate account for the preceding six months prior to filing his petition. Therefore, we will proceed to address the merits of Bell's petition.

{¶9}   First, Bell contends the trial court did not properly conduct the required plea colloquy mandated by Crim.R. 11(C) and other controlling authorities of law which violates the Fourteenth Amendment of the U.S. Constitution. In *State ex rel. Lusher, v. Robinson*, 5th District Richland No. 15CA60, 2016-Ohio-1461, ¶ 6 we cited *Smith v. State*, 11th Dist. Ashtabula No. 2009-A-0019, 2009-Ohio-3940, for the proposition an adequate remedy at law existed where a petitioner in a habeas corpus case claimed he was entitled to immediate release from prison because the plea was void due to the trial court' alleged failure to comply with Crim.R. 11. The *Smith* court explained, "[P]etitioner could have contested the propriety of the procedure during the plea hearing in a direct appeal or in a motion to withdraw his guilty plea." *Id.* at ¶ 14. Because Bell had an adequate remedy at law available to him to challenge the plea colloquy, he is not entitled to habeas relief.

{¶10} Bell next asserts the trial court unlawfully sentenced him by failing to make the required findings under R.C. 2929.14, R.C. 2929.11 and R.C. 2929.12 in violation of the Fourteenth Amendment of the U.S. Constitution. He also maintains the trial court openly reneged on a signed plea agreement promising to only impose sentence after making the required findings under R.C. 2929.14 and did not afford him an opportunity to withdraw his plea.

{¶11} Bell is not entitled to relief on these grounds as he had an adequate remedy at law to challenge the alleged sentencing errors. *See McKinney v. Haviland*, 162 Ohio St.3d 150, 2020-Ohio-4785, 164 N.EW.3d 415, ¶ 10, citing *State ex rel. Heston v. Judges of the Richland Cty. Court of Common Pleas*, 5th Dist. Richland No. 2019 CA 0098, 2019-Ohio-5399, ¶ 4-5. ("McKinney's argument that the trial court failed to make the necessary findings under R.C. 2929.14(C)(4) raises an alleged sentencing error, for which McKinney had an adequate remedy in the ordinary course of the law."). Therefore, relief is not available in habeas corpus.

{¶12} Bell also alleges the state and trial court denied him the right to appear at nearly all proceedings and unlawfully waived his right to appear at his competency hearing contrary to Crim.R. 43, controlling authorities and the Fourteenth Amendment to the U.S. Constitution. Bell maintains the trial court arbitrarily denied him his procedural, mandatory rights to a competency hearing contrary to statutory law, controlling authorities of law and the Fourteenth Amendment to the U.S. Constitution. These arguments are not properly raised herein since they could have pursued in a direct appeal.

{¶13} Bell next asserts he was denied effective assistance of counsel when counsel failed to object to the state's ex parte waiver of his procedural right to appear at

his competency hearing which is contrary to controlling authorities of law and the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution. Bell also maintains he was denied effective assistance of counsel because counsel failed to file a motion to dismiss and contest the state's absence of any firearm and absence of proof of gun operability, contrary to the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution. These claims are properly dismissed because claims involving the ineffective assistance of counsel are not cognizable in habeas corpus. *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 7.

**{¶14}** Bell claims he entered into an unintelligent guilty plea contrary to Ohio statutory laws when the state had no required proof of firearm operability, no firearm was ever recovered and there was no evidence he fired a firearm. Bell asserts this is contrary to controlling authorities of law, the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution. "[T]he issue of whether [a petitioner] made an intelligent, knowing, and voluntary guilty plea is a matter to be resolved by motion to withdraw the guilty plea, direct appeal, or postconviction proceedings, rather than in habeas corpus." *Douglas v. Money*, 85 Ohio St.3d 348, 349, 708 N.E.2d 697 (1999), citing *Pollock v. Morris*, 35 Ohio St.3d 117, 117-118, 518 N.E.2d 1205 (1988). Therefore, "allegations concerning the validity of [a petitioner's] plea are not legally sufficient to delineate a feasible claim for a writ of habeas corpus." *Lopez v. Gansheimer*, 11th Dist. Ashtabula No. 2006-A-0014, 2007-Ohio-472, ¶ 7.

**{¶15}** We note in the Entry Withdrawing Plea of Not Guilty and Entering Plea of Guilty to an Agreed Sentence, Bell indicated he understood his right to appeal a maximum sentence, his other limited appellate rights, and that any appeal must be filed within 30

days of his sentence. Even though the pursuit of an appeal no longer remains an available remedy to Bell, he is not thereby entitled to an extraordinary writ. *See Jackson v. Wilson*, 100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086, ¶ 9.

**{¶16}** Finally, Bell's failure to appeal does not alter our analysis. He was represented by counsel in his criminal case and decided to plead guilty and waive his right to appeal non-jurisdictional issues. That decision remains binding on him today. *See Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 9, citing *Jackson v. Wilson*, 100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086, ¶ 9 ("even if these other remedies are no longer available to [the habeas petitioner], he is not thereby entitled to an extraordinary writ"), citing *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 579, 757 N.E.2d 357 (2001) ("the fact that either or both of these alternative remedies may no longer be available because of [relator's] failure to timely pursue them does not render them inadequate").

### III. Conclusion

**{¶17}** Because Bell is unable to state a claim for habeas relief, we grant McConahay's Motion to Dismiss under Civ.R. 12(B)(6). The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

**{¶18}**  MOTION GRANTED.

**{¶19}**  CAUSE DISMISSED.

**{¶20}**  COSTS TO PETITIONER.

**{¶21}**  IT IS SO ORDERED.


By: Hoffman, J.

Wise, Earle, P.J.  and

Delaney, J. concur